*183
 
 Overton, J.
 

 delivered the following opinion.
 
 *
 

 This was an action of ejectment, with the usual plea and issue. On the trial, the defendant produced an affidavit, stating that he claimed, by mesne conveyance under a grant to S. Donelson and Jas. W. Lackey for 5000 acres ; that the original grant was not in his possession, nor had he any power or control over it, so that he could not produce it ; upon which, a copy duly certified by the Secretary of North
 

 
 *184
 
 Carolina was offered as the next best evidence. The counsel for the plaintiff produced in court, what they alledged to be the original grant of the tract, under which the defendant claimed ; it was handed to, or offered to the defendants counsel, and refused to be read by them, as not being the original. The record shows, that there was no other difference between the copy offered by the defendant, and the paper produced by the plaintiff, but
 
 sixty thousand
 
 acres instead of
 
 five thousand
 
 acres, and the words
 
 more or less.
 
 It was alleged by the plaintiff’s counsel, that the original grant had been altered.
 

 The circuit court determined that the copy should not be read, as the defendant then had the original in his power. T
 
 o
 
 this opinion the defendant’s counsel excepted. Did the court err, is the question ?
 

 The rule of law is, that the original must be produced, if to had, and if not, the next best evidence. The law requires the grant to be recorded before delivery out of the secretary's office. This having been done, any alteration of the grant afterwards, would not divest the estate thereby conveyed. So, of a deed of bargain and sale, after its registration.
 

 The
 
 original paper in this case, must have been offered in Plaintiffs’ counsel, in one or the other of two views. Either as a paper not altered, or one that had. In the first case, the court could not well presume it to be the original of the copy produced ; the former being for 60 000 acres, and the latter only for 5000 acres. On this ground, it would be difficult to reject the copy ; but from the plaintiff’s own showing on the record it appears that it was offered as an altered grant, therefore, could not be the
 
 original
 
 ; and thus the copy offered from the secretary’s office, would be the best evidence, of which the nature of the case could admit. The distinction respecting the alteration of deeds, seems to exist in this
 
 ;
 
 that in contracts evidenced by deed, w
 
 hic
 
 h have been executed, an alteration will not place the parties in in
 
 Statu quo,
 
 and revest that which has been vested. In contracts executory, evidenced by deed, an alteration may bar a recovery, by destroying the validity of the deed.
 

 Had it been important in this case to ascertain whether an alteration had taken place or not, after the grant issued, the court was not the competent authority for this purpose ; it was a
 
 matter of
 
 fact, triable by a jury. The judgment must be reversed, and the court below proceed accordingly.
 

 *
 

 Absent White, J.