Judge Roane
pronounced the following opinion of this court.
The court is- of opinion that, although the appellants might have submitted the question, involving the authority of Patrick Cavan as agent lor the appellee, to the jury in the trial at law ; and although it may be that such jury ought, in that case, to have affirmed his competency to have received the sums paid on account of the bond in question ; yet it not appearing that such defence was actually made at that trial; and this being a question involving trust and confidence, and *136 as such peculiarly appropriate to the jurisdiction of a CourC Equity ; and it not being proper to confine the appellants the common law jurisdiction, in which they would have been deprived of the afifiellee’s testimony ; the bill was properly exhibited. And as it appears that the said Cavan was generally reputed and considered as the agent of the appellee ; and it being, moreover, admitted by the answer of the appellee, that he was specially authorised to sell the land, for which the bonds in the proceedings mentioned were given’ and to receive the money due upon the first of said bonds ; (which circumstances were well calculated to inspire a confidence in the said agent’s competency in the present instance ;) and no measures whatever having been taken by the appellee prior to the payments proved to have been made on account of the bond in question, calculated to do away that confidence and presumption ; the court is further of opinion that the appellee ought to be bound by the payments aforesaid ; and that the decree aforesaid is erroneous.
Decree reversed, and cause remanded to the Court of Chancery, with directions to that court to re-instate and perpetuate the injunction, for such sums as may be proved to have been paid, pursuant to the principles of this decree.