Pee Cueiam.
 

 A suit was commenced in 1809 by ejectment, in Rutherford County Court, by Brooks’s and Wright’s lessee against Arnold, Robertson, and the two Lannums, tenants in possession. At the return term, they, with William Nash as landlord, entered into the common rule, and jointly pleaded not guilty. A trial was had in the County Court, and verdict for the plaintiff at April sessions, 1810. The defendants appealed to the Circuit Court, where the cause was continued for various reasons until March term, 1816. In the mean time, John Nash was admitted a defendant; a verdict and judgment was given for the plaintiff. On the * trial, a bill of exceptions was filed, and a rule for a new trial entered, and afterwards dismissed.
 

 The errors assigned are, that the court erred in admitting testimony to the jury which ought to have been rejected; 2, in the charge to the jury; 8, in refusing to grant a new trial. On the trial, the counsel for the plaintiff read an affidavit made by the agent, showing that the original grant in the name of Stephen Brooks was lost or mislaid, and could not be found after the most diligent search among the papers of the deceased and in the different offices, and then produced a certified copy from the secretary’s office of North Carolina, registered in the county where the land lies ; the grant dated 17th of January, 1789, and the copy and certificates registered 10th March, 1813.
 

 This copy was properly admitted. The act of 1809, ch. 100, authorizes such a copy to be produced if the original be lost unregistered ; and, when such copy is registered, it may be given in evidence in the same manner as the original; the time of registering extended in 1811, ch. 36.
 

 A copy from the register’s office of a deed made by William Nash to Arnold, both defendants to this suit, was offered in evidence to prove the line and corners of the original grant to Brooks. This
 
 *365
 
 was objected to by the defendant, unless notice had been given to Arnold to produce the original; but the court admitted the copy to be. read. This was also properly admitted. The possession of the original could not be presumed to be in the plaintiff; and in all cases where the party producing a deed is not in law presumed to have the custody of the original, a copy from the register’s office is •deemed sufficient. Deeds or grants in the names of other persons than the parties to the suit are often necessary to prove some collateral point deemed material to the cause. It has never been required in such cases that the original should be produced, or to give any other reason for not producing than that is here given.
 

 * It was also proper to admit all the testimony respecting the knowledge of William Hash, the landlord of the tenants in possession, respecting the lines, corners, &c., of the original grant to Brooks, and his conduct as agent,
 
 &c.;
 
 this it is admitted would be proper evidence against him and the tenants who claimed under him. But it is insisted that it ought not to operate against John Hash. In what situation is he placed ? He produced a grant to himself dated in 1814, and covering all the lands in dispute, and procured himself to be made a party to the suit, four or five years after its commencement, and- defended jointly with the others. He is now tenant in possession, and cannot in the verdict be severed from them. The sole question is whether Brooks’s grant covers the land in dispute. It appears from the bill of exceptions that William Hash was the surveyor who originally run out the land for Brooks. By his own act of making himself a defendant he deprived the plaintiff of the benefit of his testimony. The declarations of a surveyor as to the lines and corners by him made, taken in connection with other testimony, if the claimant has it not in his power to produce him as a witness, are admissible evidence to be left to a jury to aid them in determining the boundaries of land. The inquiry to be made is as to the fact; and if the fact be true that the grant covers the land in contest, the jury must have found all the defendants guilty, unless they cari show a prior title. This testimony, we think, was properly admitted, and will have the same operation as applied to John Hash that it has against the other defendants.
 

 Hor can the court see any error in the charge to the jury. The question before them was a single fact, which they had to determine
 
 *366
 
 from all the facts and circumstances detailed in evidence. No question of law could arise before them. The judge had a right, if he thought proper, to state the testimony at large, but hé * was under no obligation, and has not thought fit to do so. The jury, for anything that we can see to the contrary, drew a correct conclusion. Every presumption must be made in favor of a verdict, more especially in a case like this, when the whole of the evidence is not spread on the record.
 

 If the testimony, as we believe, was properly admitted, and no error in the charge to the jury; if nothing appears from which we can say the jury drew a wrong conclusion from the proof before them, then we cannot say there was any error in refusing a new trial, and must affirm the judgment of the Circuit Court.
 

 See, as to
 
 hearsay in proof of boundary, Beard
 
 v.
 
 Talbot,
 
 Cooke, 142;
 
 McCloud
 
 v.
 
 Mynatt,
 
 2 Cold. 163;
 
 Holland
 
 v.
 
 Overton,
 
 4.Yer. 482;
 
 Davis
 
 v.
 
 Jones,
 
 3 Head, 603. As to
 
 charge of the court, Claxton
 
 v.
 
 State,
 
 2 Hum. 181;
 
 Ivey
 
 v.
 
 Hodges,
 
 4 Plum. 154. As to
 
 copy of registered grant as evidence, McClelland
 
 v.
 
 Dunlap,
 
 2 Tenn. 183;
 
 Tillery
 
 v.
 
 Simmons,
 
 1 Term. 209;
 
 Rogers
 
 v.
 
 Campbell,
 
 6 Hum. 340;
 
 Norflet
 
 v.
 
 Nelson,
 
 Peck, 189;
 
 Denton
 
 v.
 
 Hill,
 
 4 Hay. 73, and cases cited
 
 sub Jin.