Per curiam.

Although the cause was set for hearing after the motion to dissolve the injunction, and before the conditional order dissolving it (which is the order appealed from), the cause has not been heard in the court of chancery on its merits; and either party has yet the right to produce new evidence. To pronounce any decree here, on the merits, would be to take original and not appellate jurisdiction.
As regards the order dissolving the injunction on the condition stated, the general rule is, that when a party comes into a court of equity to be relieved against proceedings at law, he must confess judgment at law, and rely solely on the court of equity for relief. Anon. 1 Vern. 120. 1 Madd. Chan. 132. Nor is there any thing in the peculiar circumstances of this case, to take it out of the rule. Indeed, it does not appear, that there was any cause for an injunction, except to restrain the defendant in equity, after judgment obtained by him at law, from turning the tenants out of possession, before the validity of the patent on which his legal title depended, shall he examined and decided on, in the court of chancery; and the relief, after the confession of judgment, will be as ample as in ordinary cases. If Norvell’s patent be vacated, the injunction will be perpetuated as to the land covered by it, or he may be decreed to convey his title under it, to the plaintiffs in equity.

Decree affirmed.