## Thomas Chadwell *vs.* Jesse Jordan.

### October Term, 1876.

INJUNCTION TO STAY LEGAL PROCEEDINGS.—An injunction to stay proceedings in a suit at law upon a note ought not to be granted at the instance of the defendant in the suit, unless after judgment or upon the terms of permitting judgment to go at law, where the bill seeks no discovery or particular relief to aid the legal defence, and shows no defence to the demand sued on other than that upon which the litigation is sought to be transferred into this court.

*John A. Campbell*, for complainant.

————, for defendant.

THE CHANCELLOR :—This case is before me upon a motion
of the defendant to dissolve the injunction obtained by the
complainant on the filing of the bill, restraining the prose-
cution of an action at law. The bill states that the defend-
ant has sued the complainant, in the circuit court of this
county, on his note for $1,500, given in consideration of the
sale by defendant to the complainant of certain judgments,
held by the defendant, against the corporation of Nashville,
on checks or warrants issued during the term of Mayor
Alden ; that defendant represented that these checks "were
available," and that one or more of the representatives of
the city had assured him the judgments would be paid in the
way of being received for taxes ; that complainant bought
the judgments upon these representations, but it turned out
that he could not so use them, nor get anything for them ;
that their collection has been enjoined in equity, and the
injunction remains in full force. The bill gives no dates,
except of the execution of the note, nor any other details.
It does not ask for a discovery, but, on the contrary,
expressly waives an answer under oath. It seeks no aid
in the defence of the suit at law, yet prays "that defend-
ant be enjoined from prosecuting said suit." Injunction
was granted accordingly, upon a bond for costs and damages.

The common injunction, so frequently mentioned in the
older reports and books of practice, was the writ of injunc-
tion which issued as of course, upon the default or delay of
the defendant in answering the bill, and its effect upon a
pending suit at law was determined by the progress of that
suit at the date of its issuance. If the injunction issued
before declaration, it stayed everything ; if afterwards, it
stayed execution only, not the trial. *Garlick* v. *Pearson*, 10
Ves. 452 ; *Hendrick* v. *Dallum*, 1 Tenn. 427. Special
injunctions—and under our practice all injunctions are
special—issue only upon good cause shown by affidavit, and
operate according to the terms of the grant. The effect of
the injunction in this case was to stay all further proceed-
ings at law.

It is absolutely necessary that the power to grant special injunctions should exist, because there are cases in which its exercise is indispensable to the ends of justice. But a few years' experience on the bench induces many judges to concur with Lord Cottenham in the opinion expressed in *Brown* v. *Newall*, 2 Myl. & Cr. 572, "that extreme danger attends the exercise of this part of the jurisdiction of the court, and that, practically, it does as much injustice as it promotes justice." It operates injuriously in two ways—in delaying persons in the assertion of their just rights, and by inducing their adversaries to embark in expensive litigation merely to secure the delay. A little more care on the part of those who are entrusted with the control of this dangerous power would be productive of immense benefit.

The rules which regulate the issuance of the writ of injunction to restrain actions at law are well settled. The defendant in a suit at law is permitted, pending the suit, to come into equity for some discovery, or particular relief, which will the better enable him to make his defence at law, or to obtain substantive relief beyond what he could obtain at law, either upon the ground of the concurrent jurisdiction of the two courts over the subject-matter of litigation, or of the exclusive jurisdiction of the court of chancery to grant the particular relief sought. It is, ordinarily, only in the first of these classes of cases—namely, where the object is to enable the party the better to make his defence at law—that this court enjoins the legal proceedings before judgment, and then only until the discovery, or other aid to the defence at law, is obtained. *Crane* v. *Bunnell*, 10 Paige, 340; *Williams* v. *Sadler*, 4 Jones Eq. 378; *Hunt* v. *Sneed*, Phill. Eq. 351. In the other class of cases—namely, where the object is to transfer the litigation to the court of equity—the circumstances must be very special to authorize an injunction to stay the legal proceedings before judgment, for the obvious reason that the bill is under the control of the complainant until decree rendered, and may be dismissed after years of delay, leaving the defendant still to

,proceed at law. *Turner* v. *Amer. Bapt. Union*, 5 McLean, .349 ; *Mathews* v. *Douglass*, Cooke, 136. Such special cases, .as Chancellor Walworth has said, " will very seldom occur." *Melick* v. *Drake*, 6 Paige, 471.

Where the jurisdiction of the two courts is concurrent, 'the jurisdiction of the court which first attaches must prevail. *Smith* v. *McIver*, 9 Wheat. 532 ; *Bumpass* v. *Reams*, 1 Sneed, 597. The rule in such cases, therefore, is that •equity will not grant a preliminary injunction for the mere purpose of obtaining exclusive jurisdiction of the cause. *Waterlow* v. *Bacon*, L. R. 2 Eq. 514 ; *Mitchell* v. *Oakley*, .7 Paige, 68. And, for the same reason, equity will not take .jurisdiction where the bill discloses a case of concurrent jurisdiction, as to which the jurisdiction of the law court has previously attached. *McLin* v. *Robinson*, 1 Heisk. ·678 ; *Clarke* v. *Manning*, 7 Beav. 162 ; *Crane* v. *Bunnell*, .10 Paige 333 ; *Mason* v. *Pigott*, 11 Ill. 85 ; *Ross* v. *Buchanan*, 13 Ill. 55.

If the defences set up in the bill to the defendant's claim :are the same as those made in the suit at law, or are only .such as can be made in equity, it is clear that no injunc- 'tion ought to be granted before judgment at law, although .the bill " may contain matter enough to warrant the grant- :ing it." *Mutter* v. *Hamilton*, 2 Hayw. 346. The injunction :should be to stay execution, not trial. *White* v. *Steinwacks*, 19 Ves. 85. And this because, by coming into ·,equity under these circumstances, the complainant admits that he has no adequate legal defence, or because it would be inequitable to allow a person to litigate the same matter, with the same party, in the two courts at one and the same :time. Accordingly it is well settled that equity will not .grant an injunction in such cases, restraining the proceedings :at law, unless the party seeking its aid will close the legal ·contest by giving judgment in the action, with a stay of ·execution ; the judgment to be dealt with as the court may :thereafter order. *Jones* v. *Bassett*, 2 Russ. 405 ; *Drum- .mond* v. *Pigou*, 2 Myl. & K. 168 ; *Warwick* v. *Norvell*, 1

Leigh, 96. And, where the suit at law is upon a bond, note, or like instrument signed by the party, the complainant must not only give judgment, but waive errors, or, what is equivalent, confess judgment, which will be a waiver of errors. *Anonymous,* 1 Vern. 120 ; *Nelson* v. *Owen,* 3 Ired. Eq. 175 ; *Mathews* v. *Douglass,* Cooke, 136 ; *Williams* v. *Sadler,* 4 Jones Eq. 378. Our statute of 1801, 66, 6, brought into the Code, § 3107, which makes the confession of judgment or the suing out of an injunction in equity after judgment a release of errors, is based upon the same grounds, and is in affirmance of the preëxisting law. *Stuart* v. *Hall,* 2 Tenn. 183. And, for like reasons, if a party comes into equity after judgment at law, this court will not interfere unless he agrees to abandon all further proceedings at law to test the validity of the judgment. *Cocke* v. *Dotson,* 1 Tenn. 169 ; *Webb* v. *Williams,* Walk. Ch. 452 ; *Cockerell* v. *Cholmondeley,* 1 Russ. & M. 418.

If the complainant who seeks to enjoin a suit against him at law shows by his bill that he has legal, as well as equitable, defences, or discloses such a state of facts as renders it inequitable to require the concession of his legal rights, this court will allow the action at law to proceed to judgment, and will only grant an injunction to stay execution. *Barnard* v. *Wallis,* 1 Cr. & Ph. 85 ; *Mackintosh* v. *Wyatt,* 3 Hare, 562 ; *Carroll* v. *Sands,* 10 Paige, 398 ; *Ham* v. *Schuyler,* 2 Johns. Ch. 140.

It is obvious, therefore, that an injunction to stay a suit at law before judgment is a rare and altogether exceptional case. And, in order to enable the court to act intelligently in any such case, it is absolutely necessary that the facts should be fully detailed. The bill must show, in addition to the nature of the suit, the court in which it is pending, the date of its commencement, the steps taken in it, and especially the defences made, if any, and all the facts to demonstrate that some injustice would be done the complainant, or that he would be deprived of some legal or equitable right, if his adversary were permitted to proceed

to judgment in the suit at law. If the bill fails to give these details, the injunction ought to be refused. For the failure to disclose facts so within the knowledge of the party, and so essential to a correct understanding of the rights of the litigants, would be *prima facie* evidence that the object of the bill is delay, not justice. In addition, the only security of the plaintiff at law, upon injunction granted before judgment, is a bond, usually in a penalty far below the amount sued for, conditioned, as in this case, only for costs and damages, whereas the bond required after judgment is. for double the amount of the judgment, and conditioned for its payment. Every principle of law and justice seems. to demand, under these circumstances, the cautious exercise of the injunctive power in staying suits at law before judgment.

The present bill does not meet the requirements mentioned. It only shows the pendency of a suit at law on the complainant's note, without showing when it was commenced, the *status* at the filing of the bill, or the defences. made, if any. It seeks no discovery, and asks no relief in aid of the defence at law. It does not aver that the complainant has any defence other than what he sets up therein. If, then, that defence can be made equally as well at law as. in equity, the complainant is not entitled to an injunction,. nor even to come into this court. If the defence can only be made in equity, the injunction ought not to be granted until after the legal contest is closed by judgment, and then only upon the terms prescribed by law in such cases. In either view the injunction was improvidently granted, and. must be dissolved, with the costs attending it.