SARAH MASON, late guardian of Martha Maria Mason and Paris Mason, appellant, *vs.* ISAAC N. PIGGOTT, appellee.

*Appeal from Jersey.*

Because a Court of Equity has concurrent jurisdiction with a Court of law, it will not, therefore, take cognizance of a case already pending in a Court of law, and oust it of jurisdiction.

As a general principle, in all cases of concurrent jurisdiction, the tribunal which first obtains jurisdiction of the subject matter, must proceed and finally dispose of it. A Court of Equity will not take jurisdiction where it has first been acquired by a Court of law, unless there is some equitable circumstance in the case, which the party cannot avail himself of at law.

*Bill in Chancery.*—Upon the 17th day of May, A. D. 1849, the complainant filed his bill in the Jersey county Circuit Court,

averring, that, on the 27th day of May, 1836, he made a contract (which is made an exhibit, marked "A") with the defendants, for the purchase of certain real estate in the town of Grafton; that, at the time said contract was made, the spirit of wild speculation was at its zenith, and prices of real estate were ruinously high; that, at the time the contract was made, the defendants, nor either of them, had any right, title or interest, in the lots sold; nor have they acquired any since; that the title, at the time of the sale, was in Martha Maria Mason, and the defendants had no right to sell the same; that the said Sarah never complied with the requirements of the act of the Legislature referred to in the contract; that the contract was void as to Martha Maria Mason; that, after the lapse of several years, and after the lots had utterly depreciated in value, and were almost entirely worthless, Martha Maria intermarried with Wm. H. Allen.

The bill avers that it is falsely and fraudulently pretended by defendants, that in the month of May, 1842, said Allen and his wife, and said Sarah Mason, executed, acknowledged, and tendered to complainant, a good and sufficient warranty deed for said lots, whereby would have been conveyed to him an indefeasible estate in fee simple; and demanded payment of complainant's notes referred to in said contract; that complainant refused to pay notes and receive deed. Bill avers that complainant was sued to the September term of Jersey Circuit Court, 1842, in assumpsit on said notes, by Paris Mason, for the use of the said Sarah; that said suit is now pending and undetermined on the common law side of the Court. Bill avers that no such deed ever was tendered to complainant as above referred to; that he has offered defendants to repudiate and deliver up said contract, and demanded the notes; and he now offers so to do, and demands and insists upon the recision of the contract and notes, and that the same may be cancelled and for nothing held. Prays that defendants may be enjoined from proceeding in their action at law, and that said contract may be cancelled. Bill sworn to, and injunction granted.

Exhibit "A," referred to in the bill, is as follows:

"Know all men, by these presents, that I, Sarah Mason, guardian of Martha Maria Mason, infant heir of James Mason, deceased, by Paris Mason, my attorney, by deed bearing date the

12th day of May, 1835, am held and firmly bound unto I. N. Piggott, of the county of Greene, and state of Illinois, in the penal sum of three hundred and sixty-two dollars; the payment of which, well and truly to be made, I bind myself and my successor, as such guardian, firmly by these presents.

"The condition of the above bond is such, that whereas, the said I. N. Piggott has this day purchased at public sale lot No. 12, in block No. 10, and lot No. 11, in block 38, in the town of Grafton, county of Greene, and state of Illinois, for the sum of one hundred and eighty-one dollars; and the said I. N. Piggott having executed his notes for the sum of one hundred and sixty-two and 90-100 dollars, bearing even date herewith, and payable to Paris Mason, for the use of Sarah Mason, guardian of said infant heir, one and two years from the date hereof; now, therefore, if the said I. N. Piggott shall pay, or cause to be paid, said sum of money specified in said notes, according to the tenor and effect thereof, then the said Sarah Mason, guardian as aforesaid, by the said Paris, her attorney as aforesaid, covenants for herself and her successor, to make and execute a good and sufficient deed, with warranty, of the above described lots of land, to said I. N. Piggott, or his assignee, in pursuance of and according to the provisions of an act passed by the Legislature of the state of Illinois, entitled "An act for the benefit of the infant heir of James Mason, deceased," approved January 20th, 1836. But should said I. N. Piggott, or his assignee, fail to pay said sum of money specified in said notes, within ten days after the same becomes due, he hereby forfeits all claim to said lots, and all moneys paid thereon; and this bond, in such event, shall be void, both in law and equity, and the title to said lots shall continue in the original proprietor, as if no sale had been made.

"In testimony whereof, I have hereunto set my hand and seal, by Paris Mason, my attorney as aforesaid, this 27th day of May, 1836.                              SARAH MASON, [L. S.]
"By her attorney, *Paris Mason.*"

Defendants filed demurrer to the bill, in which complainant joined. Demurrer overruled. Defendants stood by demurrer, and declined to answer further. Court decreed complainant entitled to the relief prayed for; that the title bond, being exhibit "A," and the notes of complainant be cancelled, and for nothing held; and that complainant surrender to defendants said

title bond; that defendants give up the notes; and that defendants be perpetually enjoined from suing for the same.

Heard before Woodson, Judge, at October term, 1849.

H. W. BILLINGS and L. B. PARSONS for appellants:

The demurrer to the bill in this case should have been sustained, for the reason that the Court had no jurisdiction.

1. In all cases of concurrent jurisdiction, the Court which first exercises it, must decide finally.   Green *vs.* Robinson, 5 How. Miss. R., 104; Flournoy's Ex'rs *vs.* Holcomb, 2 Munf., 34; Smith *vs.* McIver, 5 Cond. R., 664; Merrill *vs.* Lake, *et al.*, 16 Ohio, 404; State Bank *vs.* Stanton, 2 Gil., 353; Lishey *vs.* Smith, 7 Humphrey, 299; Le Guen *vs.* Gouvernour, *et al.*, 1 J. Cases, 493; Beaty *vs.* Ross., 1 Branch, 198; Haden *vs.* Garden, 7 Leigh R., 157; 2d Story's Equity, secs. 875, 885, 896.

2. All the rights of the parties in this case could have been fully determined at law.   Mason *vs.* Caldwell, 5 Gil., 204.

3. Want of parties to a bill may be raised at the hearing.   1 Barb. Ch'y Practice, 321.

D. A. SMITH, for appellee.

Opinion by TREAT, C. J.:

We have no doubt about this case.   It was decided in Mason *vs.* Wait, 4 Scammon, 127, that the sale of the Grafton lots was not binding on the ward; and that a purchaser might set up in defence of an action on the notes the inability of the guardian to convey a good title.   It was held in Mason *vs.* Caldwell, 5 Gilman, 196, that it was competent for the ward, after she arrived at full age, and before a purchaser had avoided the contract by an offer to surrender the title bond, connected with a demand for the return of the notes, to adopt the contract, by executing and tendering a deed that would pass a good title, and demanding payment of the notes.   It results from these decisions that a purchaser can defeat a recovery on the notes, on the ground of a failure of consideration, where the ward has done nothing to confirm the contract; or he may put an end to the contract by affirmative acts on his part, and thereby prevent the ward from ratifying and enforcing it.   The complainant has, therefore, a complete defence to the action on the notes, unless

there was a ratification of the contract on the part of the ward, prior to the commencement of the suit. Instead of making it in that action, he seeks to transfer the case to chancery; not because the defence cannot be successfully made at law, but on the ground that a Court of Equity has concurrent jurisdiction. It by no means follows because a Court of Equity has concurrent jurisdiction with a Court of law, that it will take cognizance of a case already pending in a Court of law, and oust it of jurisdiction. As a general principle, in all cases of concurrent jurisdiction, the tribunal which first obtains jurisdiction of the subject matter, must proceed and finally dispose of it. A Court of Equity will not take jurisdiction where it has first been acquired by a Court of law, unless there is some equitable circumstance in the case which the party cannot avail himself of at law. Subject to this qualification, the rule is inflexible. Smith *vs.* McIver, 9 Wheaton, 532; Merrill *vs.* Lake, 16 Ohio, 373; Flournoy *vs.* Halcomb, 2 Munford, 34; Green *vs.* Robinson, 5 Howard's Miss. R., 80. The allegations of the bill, if true, show that the complainant has a full and adequate defence at law, and he must there interpose it. No circumstance is alleged that demands the interference of a Court of Equity.

The decree of the Circuit Court will be reversed, with costs, and the bill dismissed.

*Judgment reversed.*