JOHN ROSS, Plaintiff in Error, *v.* VICTOR BUCHANAN et al., Defendants in Error.

ERROR TO LAWRENCE.

The filing of a bill in chancery is the commencement of a new suit before another tribunal, and the respondent must be brought into court by process, notwithstanding the bill may be connected with a suit at law between the same parties in the same court.

A bill in chancery should be dismissed for want of equity if it does not disclose other grounds for relief in a suit at law than may be interposed as defences at law.

In courts of concurrent jurisdiction, the one first obtaining jurisdiction will retain it, though a court of equity may interfere where there are equitable defences unavailable at law.

BUCHANAN and others filed this bill in the Circuit Court of Lawrence county, and obtained an injunction upon it restraining Ross, who had brought suit as cashier of one of the branches of the Bank of Indiana, against the defendants in error.

HARLAN, Judge, at September term, 1850, sustained the bill, and entered the decree complained of and sought to be reversed by this writ of error.

There were not any steps taken to bring Ross, the plaintiff in the suit at law in the Circuit Court of Lawrence county, into the case instituted upon the bill in chancery, and the decree appears to have been entered against him, upon the assumption that he was bound to take notice of it without service of process upon him.

Ross *v.* Buchanan et al.

The bill charges that defendants became sureties for one William Baldwin for $2,500, by note dated in February, 1848, payable in four months to the Bank of Indiana, at Vincennes.

When the note fell due, Baldwin, and defendants as sureties, renewed their note in liquidation of the first, and again at four months. On or about 12th October, 1848, Baldwin called on defendant Buchanan to sign another note in renewal of the last note, which he was still unable to pay, and he stated that it was his purpose to obtain the signature of defendant Vandermark. Defendant Buchanan signed this third note for that purpose, relying upon his so procuring Vandermark's signature. Defendants heard no more of it until some time in March, 1849, when Baldwin committed suicide from supposed pecuniary embarrassments. Defendants discovered that said last note had never been presented to Vandermark, and that he had never signed it. This, with information of the existence of such a note's being held by the bank against all three, induced defendants to believe that Vandermark's name had been forged at the second and last renewal.

They had no notice, and heard nothing until November, 1849, when they received notice from the bank, and they attended at the bank in order to adjust the matter and prevent suit. Without particularly examining the note claimed to be held against them, they renewed the debt by giving their own note, and stood upon the note of the three for $2,134, dated 12th November, 1849, and due 120 days after date. They stated that the date of said last note had been altered without their knowledge or consent, and this knowledge of its alteration was first obtained after they had taken it up by giving their own. Being ignorant of the effect of the alteration, they endeavored to collect the amount of the note of Baldwin's administrator, two suits for which are now pending. That Ross, cashier of the bank, has instituted suit to recover their note, which is now pending in this court. That the note of Baldwin and defendants of 9th October, 1848, was not executed by defendants at that date, but was executed in June, 1848, and was presented by Baldwin to the bank, with four months' interest on $2,500; but the bank refused to accept the note unless Baldwin would pay $500 on it.

Ross *v.* Buchanan et al.

Baldwin was east at this time, and when he returned, that he and the officers of the bank concluded together, and without the knowledge or consent of defendants, changed and altered the date from 25th June, 1848, to 9th October, 1848, thereby charging defendants wrongfully. That Baldwin, and Ross, cashier, were guilty of fraud and collusion in so altering, &c., and it became void, and so the last note by defendants was without consideration and void by reason of fraud.

Defendants offer to dismiss their suits against Baldwin's administrator, and surrender Baldwin's note to the bank. They pray that Ross be made a party and answer, &c. They also pray an injunction for the present, and to be made perpetual at the hearing, and said notes be annulled, &c., and for other relief and all necessary aid.

Decree for perpetual injunction, and that said notes of defendants be cancelled, and that Baldwin's note be returned to the bank without power or right to collect it of defendants.

## Assignment of Error.

1st. There was no summons issued or served, and no appearance.

2d. Decree against plaintiff of perpetual injunction, cancellation, and for costs.

3d. There is no equity in bill, all the matters being defences at law.

4th. There was no injunction-bond required or given.

5th. Injunction ought to have been dissolved, bill dismissed, and costs given plaintiff.

W. B. SCATES and A. KITCHELL, for plaintiff in error.

A summons is required to bring the party into court. Rev. Laws, p. 93, § 5; 4 Paige, 439; 5 Paige, 85; 16 Vesey's Rep. 338; 3 Brock. C. C. R. 476.

The suit at law is a distinct one from the proceeding in chancery, and in a distinct court and jurisdiction.

This is not a bill for a discovery; but admitting it to be so, defendants have no right to the disclosure, because it would

criminate the plaintiff in the suit at law with forgery. Fonblanque's Equity, 661, 662.

Courts of equity will not interfere where the party has his complete remedy at law. Story's Equity Pl. 505 to 518: see § 472 to 485 inclusive; Mitford's Eq. Pl. 111, 112; 1 Madd. Ch. 193; 1 Vern. R. 441; 1 Dick. 55; 1 P. Wms. 117; 1 Atk. R. 571.

A bill of discovery does not pray relief, and relief is never granted on such a bill, but merely discovery. Story's Eq. Pl. § 311, 312, 321, 322, 324, 483.

C. H. CONSTABLE, for defendants in error.

TREAT, C. J. This decree must be reversed on two grounds:

*First.* The court proceeded to dispose of the case without obtaining jurisdiction of the person of the defendant. He was not served with process; nor did he enter his appearance. He should have been brought before the court by the service of process, if a resident of the State; or by the publication of notice, if a non-resident. The fact that he was the plaintiff in the action at law, did not dispense with the necessity of bringing him into court as a defendant in the suit in chancery. Such is the uniform practice in courts of equity, and it has not been changed by our statute. The filing of the bill was the commencement of a new proceeding before another tribunal, and the complainants were bound to bring the defendant regularly into court as in other cases. The two tribunals, although presided over by the same judge, possess separate and distinct jurisdictions.

*Second.* The bill makes no case for the interference of a court of equity. It discloses no ground for relief, of which the complainants may not equally avail themselves in the action at law. If the note was materially altered after its execution, and without their consent, they had a perfect legal defence to any action that might be brought upon it. If the fact was unknown to them when they executed the note in controversy, and if they are not thereby concluded from taking advantage of the alteration, they may still interpose the defence in the action at law.

And the defence, if now available, can be as well made at law as in equity.   A court of equity has not conclusive jurisdiction of the case made by the bill.   If it has jurisdiction, it is but concurrent with a court of law.   The rule in cases of concurrent jurisdiction is, that the tribunal which first acquires jurisdiction of the subject-matter, must proceed to a final disposition of the case.   A court of equity will not assume jurisdiction where it has first been obtained by a court of law, unless there is some equitable circumstance in the case, of which the party cannot avail himself at law.   See Mason *v.* Piggott, 11 Ill. 85, and cases there cited.   The present case is not within the exception to the rule.

Nor can the bill be sustained as a bill for discovery.   It has none of the distinctive features of such a bill.   It does not call on the defendant to make discovery of facts to aid the complainants in establishing a defence to the action at law, but it seeks to oust the court of law of its jurisdiction, and transfer the whole case to a court of equity.

The decree will be reversed, and the bill dismissed.

*Decree reversed and bill dismissed.*