SIMEON B. CHITTENDEN *et al.*

*v.*

THOMAS S. ROGERS *et al.*

1. JURISDICTION IN CHANCERY—*when there is a remedy at law.* A court of equity will not take jurisdiction of a cause, when jurisdiction has been properly acquired by a court of law, unless under peculiar circumstances, of which the party cannot avail at law.

2. Nor can a party have a standing in a court of equity, when his remedy is adequate at law.

3. If a party has been prevented by accident, and by circumstances over which he had no control, and which every reasonable effort on his part could not have prevented, from asserting his remedy at law, he may resort to chancery.

4.  SAME — *in case of conflicting attachment and execution liens.*  Where attaching creditors have obtained their judgments in a court of law, their right to have the property levied upon applied to the satisfaction of their judgments is as well protected against junior execution liens, and as triable and enforceable in that court as in a court of chancery, and the latter court will not entertain an application of the attaching creditors in such a case, to enforce their prior liens.

5.  REMEDY AT LAW — *to enforce the rights of attaching creditors as against junior execution liens.*  Courts of law have full and general and supervisory power over their process, and can correct or prevent any abuse of it, and can carry into full effect, all their judgments, by their own machinery.

6.  So, if the sheriff is about to proceed under executions in his hands, contrary to law, and injuriously to the interests of attaching creditors whose rights are prior in regard to the property or fund sought to be affected, the court out of which the process issued, on motion for that purpose, can correct the wrong, and force the officer into the right path; courts of law can also exercise an equitable jurisdiction over the execution of their own judgments and process.

7.  Where the property attached has been sold, and the proceeds are in the hands of the officer, who intends to apply the money so collected on the attachment executions to the satisfaction of junior executions in his hands, issued upon other judgments, a motion to the court by the attachment creditors, for an order of distribution, is all that would be necessary, and that would be effectual.

8.  Such a case differs in no respect, in regard to the remedy afforded at law, from those common cases where there are several executions to be satisfied out of the same property.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. E. S. SMITH, for the plaintiffs in error.

Messrs. WALKER & DEXTER, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Simeon B. Chittenden and company, on the 23d of July, 1861, sued out a writ of attachment from the clerk's office of the Cook Circuit Court, against Rogers and McCormick, upon an indebtedness amounting to two thousand and thirty-four dol-

lars, returnable to the September Term of that Court, which writ was on the day of its date levied by the sheriff upon a quantity of merchandise. The sheriff placed the goods in the care of the official custodian of Cook county, and took his receipt for the property.

On the 2d of August, 1861, Huested and Carll sued out a writ of attachment from the same court, and returnable to the same term, against these same parties, upon an indebtedness of two hundred and ninety-four $\frac{6}{100}$ dollars, and on the same day the sheriff levied the writ on the same goods. On the 27th of the same August, Joseph Wild sued out a writ of attachment against the same parties, returnable at the same term, and levied it on the same day on the same property. On the 6th of November, 1861, judgment was rendered for Chittenden and Co., for their debt; on December 16th, for Huested and Carll, for their debt, and also for Joseph Wild's debt; upon all these judgments special executions issued, and were delivered to the sheriff. On the 31st July, 1861, Rogers and McCormick confessed judgments, on which executions issued in favor, respectively, of Belle C. Ramsay, Jane Barrett and W. A. Green, and on the 1st of August, 1861, they confessed a judgment in favor of W. S. Lambert, for seven thousand and fifty dollars. The executions were delivered to the sheriff on the day the judgments were confessed.

In November, 1861, after the execution in favor of Chittenden & Co. had issued, the sheriff advertised the property for sale on all the executions in his hands. At that time, no judgments had been entered in favor of Huested, and Carll and Wild.

On the 6th of December, 1861, the custodian, by order of the sheriff, sold the property attached, for $7,843$\frac{51}{100}$. The custodian received in cash $2,771$\frac{52}{100}$, out of which he deducted the costs and expenses, amounting to $1,241$\frac{66}{100}$. The attorney of Lambert bid off, in Lambert's name, more than $5,000 worth of the property, but paid over no money. The sheriff received only about $1,500 in money, as above. The next day after the sale on the 7th of December, 1861, all the attaching creditors

joined in a bill of complaint to the Circuit Court, against Rogers and McCormick, and against all the plaintiffs in the judgments so confessed, and making the sheriff and custodian parties defendant, setting up all the facts in regard to the attachments, and to the judgments by confession, and the sale of the property, and intention of the sheriff to apply the money collected on the attachment executions to the executions on the judgments confessed, and alleging that the plaintiffs in those executions, were attempting to get possession of the property and money to the prejudice of them, the attaching creditors, and in fraud of their rights. The bill also charged that the executions upon these judgments had expired, and had not been levied upon the property; that a pretended levy was indorsed on the executions after they had expired, and ante-dated by the procurement of the defendants, in fraud of complainants' rights.

The prayer of the bill was, that these judgments by confession should be set aside and declared fraudulent and void as against the complainants, and that the proceeds of the sale be applied to the discharge of complainants' claims in full, if sufficient for that purpose, and if not, then, that the proceeds be applied *pro rata* to satisfy their claims, and that the sheriff and custodian be enjoined from paying the judgments confessed, and for other relief.

The joint and several answers of Rogers and McCormick, and of Lambert and the other judgment creditors by confession, were put in to the bill, the matter of which, it is not necessary to state particularly, it being sufficient to say, they denied all the material allegations of the bill, charging them. William A. Green also answered separately, admitting some of the allegations, and denying those charging himself. The sheriff, Hessing, also answered separately, denying all the allegations charging him, and James Long, the custodian, also filed a separate answer. All the answers deny fraud.

To these answers, replications were filed, and testimony taken, and the cause set for hearing. On the hearing, the bill was dismissed for want of equity. To reverse this decree, the complainants prosecute this writ of error.

The point in the case is, that the complainants had an adequate remedy at law, consequently, a court of chancery had no jurisdiction.

It is a well settled rule, that a court of equity will not take jurisdiction of a cause, when jurisdiction has been properly acquired by a court of law, unless under peculiar circumstances, of which the party cannot avail at law. *Mason* v. *Piggott,* 11 Ill. 85 ; *Ross* v. *Buchanan,* 13 id. 55.

Nor can a party have a standing in a court of equity, when his remedy is adequate at law. *Coughron* v. *Swift,* 18 Ill. 414 ; *City of Peoria* v. *Kidder,* 26 id. 352 ; *Bigelow* v. *Andress,* 31 id. 330. If a party has been prevented by accident, and by circumstances over which he had no control, and which every reasonable effort on his part could not have prevented, he may resort to chancery. *Ballance* v. *Loomis,* 22 Ill. 84.

Was the remedy of complainants adequate at law ? That it was, is apparent.

They had commenced their proceedings in a court of law, had obtained judgments therein ; had sued out and levied their executions upon the property of Rogers and McCormick, the defendants therein, and their right to have this property applied to the satisfaction of their judgments was as well protected, and as triable and enforceable in that court, as in a court of chancery. Courts of law have full and general and supervisory power over their process, and can correct or prevent any abuse of it, and can carry into full effect, all their judgments, by their own machinery. *Robinson* v. *Chesseldine,* 4 Scam. 332. So here, if the sheriff was about to proceed under the several executions in his hands, contrary to law, the court, out of which the process issued, on motion for that purpose, could correct the wrong, and force him into the right path, and it can also exercise an equitable jurisdiction over the execution of its own judgments and process. *Watson* v. *Reissig,* 24 Ill. 281.

We have searched in vain for some purely equitable circumstances in this case, which would justify the interference of a court of equity. The case differs, in no respect, from the common cases where there are several executions to be satisfied out

of the same property. A motion to the court, for an order of distribution, is all that would be necessary, and that would be effectual. The case of *Stahl et al.* v. *Webster et al.*, 11 Ill. 511, is a case in point, and so is the case of *Warren* v. *Iscarian Community*, 16 id. 114, cited by defendants in error. Conflicting claims of this description can be settled in the court of law in which they originate, quite as equitably as they can be by a court of chancery, therefore, there is no necessity for abandoning one forum for the other. No fraud, or accident, or mistake is proved in the case, and no peculiar circumstances surrounding it, demanding the interposition of chancery.

Perceiving no error in the decree dismissing the bill, the decree must be affirmed.

*Decree affirmed.*