# THE IMPERIAL FIRE INSURANCE COMPANY

*v.*

# JOHN C. GUNNING *et al.*

1. INSURANCE—*rescission in equity.* The intention of a party insured to burn the property insured, will authorize the insurance company to declare an immediate cancellation of the policy. But if the company waits until after a loss, a court of equity will not then rescind the contract of insurance. If the assured burns the property, this will avoid the contract, but the remedy is at law.

2. GARNISHMENT—*consolidation of several suits.* If a party is garnisheed by several parties, in respect to a single cause of action, the court, on motion of the garnishee, will consolidate the several suits into one action, so that one verdict will be conclusive of the whole subject matter of the litigation.

3. CHANCERY JURISDICTION—*defense at law.* If a party has a complete defense in suits at law, a court of equity will not assume jurisdiction.

4. SAME—*to avoid multiplicity of suits.* Before a court of equity will assume jurisdiction to avoid multiplicity of suits against a party, he must first establish his defense at law, when it is a legal one, and then, if it shall appear that other parties continue to harrass him with suits in respect to the same cause of action, equity would interfere to prevent future vexatious litigation.

5. Commonly, chancery will assume jurisdiction in the first instance, to prevent a multiplicity of suits, when a party prosecutes or defends against

a great number of persons, or when a great number of persons prosecute or defend a right against a single individual.

6. Where an insurance company is garnisheed at the separate suit of a great many persons, creditors of the assured, and the company has a complete defense at law, a court of chancery will not assume jurisdiction by injunction, to avoid a multiplicity of suits, until the defense has been established at law, and it is made to appear there is danger the right established will be further and vexatiously controverted.

Appeal from the Circuit Court of Montgomery county; the Hon. Horatio M. Vandeveer, Judge, presiding.

Mr. James M. Truitt, and Messrs. Rice & Miller, for the appellants.

Mr. Jesse J. Phillips, and Mr. Edward Lane, for the appellees.

Mr. Chief Justice Scott delivered the opinion of the Court:

This bill was for an injunction and relief. A demurrer was sustained to it, and the bill dismissed for want of equity.

It is charged, defendant Gunning procured from complainant a policy of insurance against loss by fire, in the sum of $5000, on his brick wagon factory building and its contents, and that afterwards the building, with all it contained, was destroyed by fire. It is further alleged, that at about the same time, Gunning procured other insurance upon the same property, in all $18,000.

After the fire, Gunning compromised with some of the insurance companies, and left the country. Suits in attachment were commenced against him by a number of different persons, and complainant was summoned in each case as garnishee.

The grounds of relief set forth are, that Gunning procured the policy of insurance with the intention of setting on fire the building that he might recover the insurance, and that afterwards he did set the fire that caused the destruction of the building and its contents. The prayer of the bill is, the policy may be declared void and the suits against complainant be enjoined.

It will be observed, it is not charged Gunning was guilty of any fraudulent practices in procuring the policy of insurance upon his property, such as would warrant a rescission of the insurance contract. All that is alleged is, a sinister purpose to do an unlawful act. He did nothing to induce the taking of the risk by which complainant was overreached. Indeed, it is not charged the risk was not a fair one and a proper one to be assumed. That which avoids the policy is the subsequent unlawful act of setting the building on fire. So far as it is disclosed, the contract of insurance seems to have been fairly obtained, barring the fact Gunning may have meditated a secret purpose at some future time to do an unlawful act, to the injury of complainant.

Assuredly, the act of setting the building on fire avoids the insurance contract, but it is no reason for declaring it void after loss has occurred. Had it come to the knowledge of the company Gunning intended to destroy the property, that would have authorized an immediate cancellation of the policy. Loss having occurred, it is now only a matter of defense. The company could not itself declare a rescission of the contract, nor are there any facts proven that would warrant a court of equity in declaring the policy void, as having been procured by fraud. It is too late to decree that character of relief. The fact the assured set the fire that consumed the property covered by the policy, if proven, would constitute a complete defense to any suit to recover the insurance money, and, of course, it is available in an action at law.

Another argument is, that this bill can be maintained on account of the fact so many suits have been commenced against the company as garnishee, that it will be required to answer and be drawn into litigation with the parties to each suit in respect to a single cause of action. This, we think, is a misapprehension of the law. Should it be made to appear but a single cause of action was involved, notwithstanding there are different plaintiffs, the court, no doubt, on motion of the garnishee, would consolidate the several suits into one action. In this way, one verdict would be conclusive of the

whole subject matter of the litigation.   This seems to be the practice indicated by this court in *Gillilan* v. *Nixon*, 26 Ill. 50, where it was said, in accordance with the instruction in *Stahl et al.* v. *Webster et al.* 11 Ill. 511, the proper practice in such cases as the one at bar is. to enter judgment against the garnishee in favor of defendant in the attachment.   It is then added, the " judgment stands in favor of the debtor for the benefit of such of his attaching and judgment creditors as may prove a right to share its proceeds.   Such creditors would then have the right to control the judgment. and the money, when collected from the garnishee. would be liable to be distributed among the several creditors."   Adopting this practice, the garnishee will not ·be involved in a multiplicity of suits concerning a single cause of action.   But one defense is all the company will be required to make, and. if successful in that, it will be conclusive of the whole controversy.   In this view, there can be no reason for invoking the aid of a court of equity.   The alleged defense is a legal one, and can be more appropriately made in an action at law.

But were the practice otherwise than we have indicated, still, we think, it would be incumbent on complainant, considering the character of the cases, to first establish a defense at law, and if it should appear other parties continued to harrass the company, on account of the same cause of action, equity, no doubt, would interfere to prohibit further vexatious litigation.   Commonly, chancery will assume jurisdiction in the first instance to prevent a multiplicity of suits, where a party prosecutes or defends a right against a great number of persons, or where a great number of persons prosecute or defend a right against a single individual.   But we do not think this is a case where a court of equity will or ought to assume jurisdiction until complainant has established a defense at law, nor until it shall be made to appear there is danger the right established will be further and vexatiously controverted.   In that event, equity would have the undoubted right to afford relief.

We agree fully with the court below, the bill presents no grounds for the interposition of a court of chancery, and its decree will be affirmed.

*Decree affirmed.*