ROLAND WHITNEY

*v.*

U. G. STEVENS.

*Filed at Mt. Vernon February 3, 1881.*

1. CHANCERY JURISDICTION—*concurrent with courts of law.* In cases where a court of equity has concurrent jurisdiction with a court of law, the court which first acquires jurisdiction must hold and exercise it until the litigation is ended.

2. SAME—*determining purely legal titles, on bill to remove a cloud upon title.* Where a bill was filed by the holder of a tax title, who claimed to have paid all taxes on the land for seven successive years, while it was vacant and unoccupied, and the complainant had, after the alleged statutory bar, gone into possession, to set aside another title purely legal in its character, claimed by the defendant, as a cloud upon the complainant's title, and to enjoin the prosecution of an action of ejectment brought against him by the defendant, it was *held,* the court of law could not be thus divested of its jurisdiction, and that a court of equity had no jurisdiction.

3. SAME—*construction of the statute.* Section 50, chap. 22, Rev. Stat. 1874, merely. extends the jurisdiction of courts of equity, in the matter of removing clouds upon title, to cases where the party complaining is out of possession. The statute does not operate to enlarge the jurisdiction of the court in a case where the complainant is in possession, but leaves it as it was before, controlled by the rule that purely legal titles must be litigated in a court of law.

4. SAME—*right of trial by jury.* Under the constitutional guaranty of the right of trial by jury, it is a serious question whether it is within legislative power to confer jurisdiction upon a court of equity to try purely legal titles.

WRIT OF ERROR to the Circuit Court of Jasper county; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. J. M. HONEY, for the plaintiff in error:

The law is, that Whitney has no remedy to recover the lands in suit, except by his action in ejectment; "and when a party claims title through a tax deed, with payment of taxes for seven successive years and possession, the court must leave the parties to try the question of title in a court of law." *Whitney* v. *Stevens,* 77 Ill. 585.

A court of law is the proper tribunal for trying legal titles, and a bill filed to quiet one legal title by suppressing another, has ever been received by courts of equity with great caution. *Alton Marine and Fire Ins. Co.* v. *Buckmaster,* 13 Ill. 201.

Even if the holder of a tax title may maintain a bill to quiet title, it could only be done by his showing that all of the requirements of the Revenue law have been complied with, at least substantially. *Koch et al.* v. *Hubbard,* 85 Ill. 534.

The bill in this case does not state the time that Stevens took possession, but avers, generally, that he took possession after seven years' payment of taxes, and if we admit all stated in the bill as true, no grounds for equitable relief are disclosed, and it should have been dismissed. *Koch et al.* v. *Hubbard, supra.*

Messrs. BROWN & GIBSON, for the defendant in error:

Section 50 of chapter 22, Rev. Stat. of 1874, confers jurisdiction on the court to entertain the bill filed in this cause, and the decree rendered is wholly proper, under the law and evidence.

Stevens obtained a tax deed to the land in dispute on the 16th day of February, 1864, which deed, by the adjudication of this court, has been declared " color of title." *Whitney* v. *Stevens,* 77 Ill. 587.

A title of this character, obtained in good faith, followed with the payment of the taxes legally assessed for seven successive years, while the land is vacant, and possession then taken, has been uniformly held by this court to be a valid title as against all persons, except such as may be under the disability named in the statute. *Whitney* v. *Stevens, supra;* also, sec. 7, chap. 83, Rev. Stat. 1874.

The rights of the parties have been practically twice adjudicated in this court: *Whitney* v. *Stevens,* 77 Ill. 585; same, 89 id. 53, and many times in the circuit court. And the record here discloses a judgment at law in relation to the title to the land in suit, in favor of Stevens. There should be an end to vexatious litigation, and the court committed no error in granting the injunction or quieting the title to the land in Stevens, who, by virtue of sec. 7 of chap. 83, Rev. Stat. 1874, is the owner of it.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case, defendant in error filed his bill to quiet the title to 160 acres of land.

The bill alleges that he, in June, 1860, became the purchaser of the land at a sale for taxes; that the time for a redemption having expired, he, on the 16th day of February, 1864, obtained a tax deed for the land; that at the time he procured the tax deed, the land was vacant and unoccupied, and so remained for seven years successively after the execution of the deed, and that he paid all the taxes, of every description, during the seven successive years aforesaid, against the land, and after the expiration of the seven years aforesaid complainant entered into the actual possession of the land, and had held the same until he commenced this suit; that he purchased the land and received his tax title in good faith, and claims, that under the seventh section of the Limitation law, he is the owner of the land, but that plaintiff in error pretended to be the owner of a paramount title to the land and to be entitled to the possession of the land, which claim is false and unfounded; that plaintiff in error had annoyed him by suits at law and in equity, and put him to cost and annoyance on account of his claim to the land, which tended to the wrong and oppression of defendant in error.

The bill concludes with a prayer that complainant's title be confirmed, and defendant be enjoined from the assertion of his.

Defendant answered, admitting that on the 16th of February, 1864, complainant claims to have obtained his tax deed; that the land was vacant and unoccupied, but that in 1866 one McDonald built a pen, in which to herd a drove of from one hundred to one hundred and fifty head of cattle, inclosing from two to three acres of land, and dug and scraped out ponds thereon, for water for the cattle, and that he so occupied and used it during the years 1866, 1867 and 1868; that complainant, on the night of the 2d or 3d of January, 1871, entered upon and into the actual possession of the tract of land, by his tenants and servants, by erecting a log cabin thereon and placing a tenant therein, and thus there were not seven years between the date of his tax deed and the time he

entered into possession, and the land was not vacant and un-occupied for seven years after complainant obtained his tax deed. He denies that the land was vacant and unoccupied for seven successive years after complainant obtained his tax deed, and charges that it has been in the possession and under the control of complainant since the 2d or 3d of January, 1871, he having in the spring of that year fenced and broke the land, and has cultivated it since that time; that he, defendant, is the owner in fee of the land, stating the chain or source of his title. He charges that he has brought an action of ejectment in the circuit court of Jasper county, and that the suit is still pending and undetermined.

This answer was under oath, it not having been dispensed with by the bill.

A replication was filed, and on a hearing the relief sought was granted, and from that decree defendant prosecutes error.

For a reversal it is urged that, inasmuch as a suit in eject-ment was pending, to try the title between the same parties, to this land, and inasmuch as the title of each party is purely legal, and no equitable title of any kind is involved, the court of equity could not take jurisdiction to try the title,—that the jurisdiction of the court at law could not be transferred to and tried by a court of equity, and the court of law be ousted of its jurisdiction. Also, that there was no proof as to when defendant in error took possession, the answer having denied that the land was vacant and unoccupied for seven successive years after defendant in error obtained his tax deed; that the land must have been continuously vacant and unoccupied for that period, with payment of all taxes under the color of title for the period, followed with possession, to bring the case within the seventh section of the Limitation law; that under that section it can not be vacant a portion, and occupied a part, of the seven years; that the sixth and seventh sections can not be united to make out a bar of the statute.

Had the court of chancery jurisdiction to try the case and afford the relief sought? It appears from the bill that com-

plainant claimed to hold a legal title alone, nor is it charged that defendant claimed to hold only an equitable title. The answer shows that defendant had brought an action of eject-ment to recover the premises against complainant, who was in possession under his tax title, claiming that it was color, made in good faith, with payment of taxes for seven years whilst the land was vacant and unoccupied, followed with possession, constituting a bar to a recovery under defend-ant's title. There is no claim that any equity exists to be settled, but legal title on each side is alone involved.

In the case of *Whitney* v. *Stevens*, 77 Ill. 585, it was held that a court of equity would not take jurisdiction to set aside a tax title, followed with payment of taxes for the statutory period, with possession, but would leave the parties to litigate their titles in a court of law. The facts of that and this case are the same, the title in litigation the same,.and the same parties, but here it is the defendant to that bill who is com-plainant in this. There, the defendant to this bill was com-plainant, asking to have this tax title set aside as a cloud on his title. A trial under that bill would have presented pre-cisely the same questions for determination that would arise under this bill. If a court of equity could not entertain juris-diction in that case, how can it be possible to do so in this case, on the same facts and legal questions? That case is decisive of this.

In this case only legal titles are involved, and not only so, but an ejectment suit had been pending for years, and was still pending, to try these titles at law, when complainant filed his bill. To permit chancery to try this case, on the theory that the courts have concurrent jurisdiction, would violate a rule which has always obtained, which holds in cases of concurrent jurisdiction the court which first acquires jurisdiction must hold and exercise it until the litigation is ended,—that another court can not take the case from the court already in the exercise of its jurisdictional powers. This would, therefore, effectually prevent the court of equity

from dispossessing the court of law of the right to proceed to judgment in the case.

But it is insisted that sec. 50, chap. 22, Rev. Stat. 1874, p. 204, confers jurisdiction in this case. That section simply provides that the court may remove clouds on the title to land, whether it is occupied or unoccupied. This only extends the jurisdiction of the court to cases where the lands are unimproved and unoccupied. The courts, previous to this enactment, did not entertain bills where the complainant was out of possession; but the court, for centuries, had entertained jurisdiction in a class of cases where the complainant was in possession, and his adversary was unwilling to bring ejectment to test the validity of their adverse titles, but the court never, so far as we know, took jurisdiction when a suit at law was pending to try the strength of the titles. Such a claim of jurisdiction, successfully maintained, is believed to be unprecedented. The statute does not profess to, nor does it, enlarge the jurisdiction of the court in case where the complainant is in possession. That is left as it was before. It is a serious question whether it is within legislative power to confer jurisdiction on a court of equity to try purely legal titles, when the constitution has declared that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate." The right of trial by jury in ejectment suits and merely legal questions of title has always existed, and, under the constitution, can not be impaired.

What we have said, renders the discussion of the other questions which were argued, unimportant in this case, and are, therefore, not discussed.

The decree of the court below must be reversed, and the bill dismissed.

*Decree reversed.*