112   277
a210s 157

## Des Moines Life Insurance Company v. Bertha Seifert.

### Gen. No. 11,166.

1.   EQUITY—*when jurisdiction may not be taken by, where its jurisdiction is concurrent with that of law.* In such a case it is within the sound discretion of the chancellor whether or not he will assume jurisdiction.

2.   INSURANCE POLICY—*when equity will not take jurisdiction to cancel.* Where an insurance policy is claimed to have been obtained by fraud upon the part of the insured, who subsequently died, equity will not take jurisdiction of a bill to cancel such policy, where suit thereon must be brought within a year, inasmuch as the remedy at law is complete, unless there are some special circumstances; possible delays of trial and unfriendly witnesses are not such as will impose jurisdiction.

Proceeding to cancel life insurance policy. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed February 25, 1904.

GEORGE R. SANDERSON and BENJAMIN M. SHAFFNER, for appellant.

H. M. COBURN, for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

This suit was begun by appellant against appellee to have cancelled as void a policy of insurance issued by appellant

upon the life of Ernst Seifert, in which appellee was named as beneficiary, for the reason, as it is alleged, that the policy was obtained by means of the false and fraudulent representations of the assured to the appellant. The chancellor sustained a demurrer to the bill, when an amended bill was filed, which was answered, the answer, among other things, setting up and claiming that appellant had an adequate and complete remedy at law. After replication filed and upon a motion by the defendant to set down the cause for hearing, the court, finding that the amended bill set forth no matters giving a court of equity jurisdiction, of its own motion dismissed the bill as amended for want of equity, which decree of dismissal appellant seeks to reverse by this appeal.

It appears that upon a written application made by Ernst Seifert to appellant November 3, 1899, the policy in question was issued to him, and that the company relied upon the truth of the various statements made in the application, the truth of which was warranted by the applicant. It appears in substance from the allegations of the bill, that said Seifert made false and untrue statements with regard to his use of intoxicating liquors and in regard to his being intoxicated during the past three years prior to his application, and also with regard to physicians who had attended upon or had been consulted by him, and for what they had been consulted. Seifert died July 8, 1902, as it is alleged, of cardiac dilatation and chronic alcoholism, after which the appellant made an investigation, and for the first time ascertained about August 8, 1902, the alleged fraud and deceit practiced upon it by Seifert, and on the 22nd day of August following filed this bill. The policy has a clause which provides that suit thereon must be commenced within one year of the time of the death of the insured. It is claimed by counsel for appellant in its brief, and it was urged upon the court in oral argument, that inasmuch as the amended bill by its allegations shows that the policy in question was obtained by fraud, and since the bill was filed before any suit at law was commenced, the equity court, having first acquired jurisdiction, will retain the case for

all purposes and proceed to a final determination of all matters at issue. The general proposition that courts of equity in cases of fraud have concurrent jurisdiction with courts of law, is well sustained by authority, as well as the further general proposition that in cases of concurrent jurisdiction the tribunal which first acquires jurisdiction of the subject-matter may, in its discretion, proceed to a final disposition of the case. Ross v. Buchanan, 13 Ill. 55; Grand, etc., Ry. Co. v. Walton, 150 Ill. 428; 1 Story's Eq. Juris., sec. 694; 2 Pomeroy's Eq. Juris., secs. 912 *et seq.*

It also seems to be a general rule that where courts of equity have concurrent jurisdiction with law courts, it is in the sound discretion of the chancellor whether he will assume jurisdiction in a particular case. 2d Joyce on Insurance, sec. 1674, and cases cited; Pomeroy's Eq. Juris., sec. 912; Ins. Co. v. Buckmaster, 13 Ill. 201–5; Home Ins. Co. v. Stanchfield, 2 Abbott (U. S.), 1–7.

Relief such as is sought by the appellant has been granted in cases of insurance policies obtained by fraud in the following cases relied on by appellant, viz: Ins. Co. v. Ry. Co., 38 L. J. Rep. N. S. 132; Ins. Co. v. McLoon, 14 Allen, 351; Prince of Wales, etc., Co. v. Palmer, 25 Beav. 605; Ins. Co. v. Dick, 114 Mich. 337; Cable v. Ins. Co., 111 Fed. R. 19. The last case has, however, been reversed since the filing of the briefs in this case, by the U. S. Supreme Court. In the absence of any direct decision of the Supreme Court, we will be guided by the principles announced in the cases to which we will later refer.

It is conceded by the learned counsel of appellant that there is no decision of the Supreme Court of this state which holds that a court of equity should take jurisdiction to cancel an insurance policy procured by fraud; also, that the Branch Appellate Court of this district in the case of Shenehon v. Ill. Life Ins. Co., 100 Ill. App. 281, hold against their contention. The Shenehon case seems to have been very fully and carefully considered, the opinion being delivered by Mr. Justice Waterman, in which the court say (citing numerous authorities): "The general usage and

practice of courts of equity is not to take jurisdiction when
the complainant has a full, plain and adequate remedy at
law.  *  *  *  In cases of concurrent jurisdiction of courts
of law and equity, the fact that the legal remedy is not full,
adequate and complete is the real foundation of jurisdic-
tion." The policies considered by the court provided, as in
this case, that suit thereon should be brought within one
year after the death of the assured. The court held that
the remedy at law was plain, adequate and complete, and
reversed an injunction granted by the chancellor enjoining
the beneficiary in the policies from suing at law.

In Douglas v. Martin, 103 Ill. 25–28, the court say: " A
court of chancery is prohibited from entertaining jurisdiction
in all cases where the plaintiff has a complete and adequate
remedy at law," but states that this rule is subject to the
limitation in a small number of cases where the jurisdiction
is concurrent.

In Black v. Miller, 173 Ill. 480, in which the surrender
and cancellation of a promissory note because of its alleged
invalidity was sought to be obtained by a bill in equity,
the court held that the bill could not be maintained, be-
cause it appeared by its allegations that the complainant
had a complete defense to a suit at law upon the note. We
think the principle of that case controls here, since the al-
legations in the appellant's bill show that there is a com-
plete and adequate remedy at law by way of defense to any
suit upon the policy.

In Cable v. U. S. Life Ins. Co., 24 Sup. Ct. Repr. 74, the
Supreme Court of the United States, in speaking of a court
of equity taking jurisdiction to cancel a policy of insurance
obtained upon fraudulent representations and suppressions
of facts, said: " It will not generally do so when those
representations and suppressions can be perfectly well es-
tablished in a defense at law in a suit upon the policy."
Citing Ins. Co. v. Bailey, 13 Wallace, 616. From the lat-
ter case the court quotes as follows: " Where a party, if
his theory of the controversy is correct, has a good defense
at law to a purely legal demand, he should be left to that

means of defense, as he has no occasion to resort to a court of equity for relief unless he is prepared to allege and prove some special circumstance to show that he may suffer irreparable injury if he is denied a preventive remedy." The court held that although there were special circumstances set up by the insurance company from which it was claimed that a court of equity should take jurisdiction, these circumstances were not sufficient ground for justifying a court of equity in taking jurisdiction of a suit to cancel the policy, and reversed the judgment of the Circuit Court of Appeals for want of jurisdiction in that court. To the same effect are Ins. Co. v. Stanchfield, 2 Abbott, U. S. 1; Ins. Co. v. Rials, 79 N. Y. 205; Huff v. Ripley, 58 Ga. 14.

No special circumstances are relied upon in this case to give equity jurisdiction—nothing beyond the alleged fraudulent representations of the assured made in his application for the policy, that there would be possible delay of the trial in case of a suit at law by the beneficiary, and that some of its witnesses are unfriendly. Such matters, omitting the alleged fraud, are common in case of any law suit, and cannot be held to be any basis for equity jurisdiction.

Any suit upon the policy must, by its own terms, be begun within one year from the death of the insured, and we can perceive no good reason why the appellant has not a clear, complete and adequate remedy by way of defense, taking the allegations of its bill to be true, to any such suit.

The decree of the Superior Court is therefore affirmed.

*Affirmed.*