Hartford Fire Insurance Company et al., Appellants, v. D. C. Ledford et al., Appellees.

1. CHANCERY—*when will not supersede jurisdiction of court of law.* Where a court of law has first acquired jurisdiction, a court of equity, even though its jurisdiction, is concurrent, will not oust the court of law of its jurisdiction, unless there are defenses unavailable at law, or unless there is some equitable circumstance in the case of which one of the parties cannot avail himself.

2. CHANCERY—*when bill for discovery does not lie.* Equity will not take jurisdiction of a bill for a discovery and to enjoin the prosecution of suits at law where all the evidence sought to be obtained and all the defenses relied upon are available in such actions at law.

3. CHANCERY—*when bill for discovery does not lie.* A bill for a discovery does not lie where the documents sought to be discovered may be required to be produced under the provisions of the Evidence Act.

4. CHANCERY—*when does not take jurisdiction to avoid multiplicity of suits.* It is only where a party prosecutes or defends against a great number of suits, or defends against a great number of persons, or where a great number of persons prosecute or defend a right against a single individual, that a bill will lie to prevent a multiplicity of suits, and even then the party must establish his right at law, if it is a legal one, before he can resort to chancery.

Bill in equity. Appeal from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

HERBERT & LEVY, ANDREW S. CALDWELL and T. T. FAUNTLEROY, for appellants.

WILLIAM P. LIGHTFOOT, WILLIAM A. SCHWARTZ and JAMES H. MARTIN, for appellees.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Appellants, The Hartford Fire Insurance Co., The National Fire Insurance Co., The Commercial Union Assurance Co. and The Spring Garden Insurance Com-

pany, filed this bill in equity for the purpose of compelling appellees, defendants in the bill, to make discovery of certain proofs of loss and sworn examinations in writing, to enable complainants to better defend four suits at law by appellees, pending against appellants in the Jackson county Circuit Court. Appellants also pray for the restraining of all further proceedings in said law suits; for the declaring of the amount due the appellees from appellants, if any; for the adjusting of all rights between the parties to this bill, including contribution and apportionment of said amount between the appellants; and also pray that said policies be declared void and cancelled on account of the fraud in said bill charged.

The bill avers in substance that the defendants about January, 1906, had $6000 insurance upon their stock of merchandise, furniture, and fixtures in the appellant companies, as follows: $2000 each in the Hartford and Commercial Union, and $1000 each in the National and Spring Garden Companies, all of which was concurrent insurance, and written upon standard fire insurance policy forms; that a fire destroyed the insured property July 31, 1906, and appellees demanded payment of the full amount of each policy; that when appellants' adjuster requested the assured to furnish proofs of loss as required by their policies, they presented to him falsified duplicate bills of merchandise purchases from the time they began business to the date of the fire; that said bills were fraudulently increased by appellees to more than $3000 in excess of the actual purchases made by them; and that on August 28, 1906, D. C. Ledford, one of the assured, submitted to an examination under oath, as provided by said policies and furnished to said adjuster proofs of loss and false and fraudulent statements under oath, thereby falsely swearing and representing that their loss was more than $3000 in excess of their actual loss with the purpose of defrauding the appellants; that appellees brought suits at law upon each of said

policies against the respective companies, to the January term, 1907, of said Circuit Court; that the defendants each filed the general issue and four special pleas in which said fraud was pleaded and relied on as a common defense to said suits; that at the January term, 1908, of said court while the case against the Hartford Fire Insurance Company was being tried, appellants produced the said sworn statement of Ledford and that it was identified by Ledford and offered in evidence by appellees as proofs of their loss; that while the Hartford Company was using said sworn statement in their. defense in said action at law, the same was by said Ledford and Hinchcliff surreptitiously taken and made way with and that they now have the same in their possession and control; that for want of the said sworn statement said trial was thereupon terminated and a continuance thereof granted; and that all of said suits at law are still pending in said court for trial.

A general and special demurrer to this bill was filed by the appellees, and the same was sustained by the chancellor. The appellants elected to stand by their bill, and the court entered a decree thereon dismissing the bill for want of equity. The appellants have appealed to this court and rely on the following points for a reversal: (1) that our statute making parties competent witnesses, and other statutes changing the common law rules of evidence, are merely cumulative, and do not deprive a court of equity of its power to order discovery; (2) the jurisdiction of the chancery court having rightfully attached in this suit upon grounds that a discovery was necessary, etc., the court erred in refusing to take jurisdiction and to adjudicate all questions and claims, legal and equitable, between the parties to this suit.

If it shall be conceded that a court of equity has concurrent jurisdiction of the subject-matters of the four law suits between the parties to this suit, as claimed by appellants, it must be remembered that where a court

of law has first acquired jurisdiction, a court of equity
will not oust it of its jurisdiction, unless there are de-
fenses unavailable at law, or unless there is some equi-
table circumstance in the case of which one of the par-
ties cannot avail himself. Ross v. Buchanan, 13 Ill.
55; Mason v. Piggott, 11 Ill. 85; Chittenden v. Rogers,
42 Ill. 95; Pomeroy's Eq. Jurisprudence, sec. 179;
Whitney v. Stevens, 97 Ill. 482; Howell v. Moores, 127
Ill. 67; Dunham v. Dunham, 162 Ill. 589. The Supreme
Court in Ross v. Buchanan, *supra,* uses this language:
"The rule in cases of concurrent jurisdiction is, that
the tribunal which first acquires jurisdiction of the sub-
ject matter must proceed to a final disposition of the
case." The Appellate Court in Shennehan v. Ill. Life
Ins. Co., 100 Ill. App. 289, says: "The general usage
and practice of courts of equity is not to take jurisdic-
tion when complainant has a full, plain and adequate
remedy at law. * * * In cases of concurrent jurisdic-
tion of courts of law and equity, the fact that the legal
remedy is not full, adequate and complete, is the real
foundation of jurisdiction." See also to same effect
Des Moines Life Ins. Co. v. Seifert, 112 Ill. App. 277.
In the last two cases cited, it was charged in the bills
that the policies of insurance were procured by fraudu-
lent misrepresentations, etc., without knowledge of the
companies; and, although no suits at law had then been
brought, the courts refused to entertain jurisdiction in
chancery, and the appellate courts sustained them. It
is also announced in the case above cited in 112 Ill.
App. 279, that it is a general rule that when courts of
equity have concurrent jurisdiction with law courts, it
is in the sound discretion of the chancellor whether or
not he will assume jurisdiction in a particular case,
citing a number of authorities.

It will be found also that the United States courts
and many other courts in this country have adhered to
the doctrine that the first court acquiring jurisdiction
of the subject-matter of a suit must retain it until it is
fully disposed of, etc., unless it is somewhere wanting

in powers or remedies to do full and complete justice. Foster et al. v. Bank of Abingdon, 68 Fed. Rep. 723; Sharon v. Terry, 36 Fed. Rep. 337; Brown v. Circuit Judge of Kalamazoo County, 5 L. R. A. 226, note citing authorities.

But the issues pending for trial in the law court are purely legal questions arising out of the various provisions of the contracts of insurance. The fraud charged in this bill that the defendants have knowingly made false statements under oath and false and fraudulent proofs of loss with intent to defraud, renders these policies void, if they are so made, by reason of express provisions of the policies. It is also true that the right of apportionment of losses in proportion as the amount insured by each policy shall bear to the whole insurance, whether valid or not, is also a right by express provision of the contracts of insurance, and is a right as completely enforceable in a law court as in a court of equity. They have been many times enforced in our courts of law. A court of chancery will not take jurisdiction to cancel a policy for fraud alleged to have been committed after loss and where the defense to recovery can be made at law. Imperial Fire Ins. Co. v. Gunning, 81 Ill. 236; Hartford Fire Ins. Co. v. Peterson, 209 Ill. 112.

Where the evidence desired can be had on notice, there is no need of a bill of discovery, and this bill in equity will not lie for discovery. Clingman v. Hopkie, 78 Ill. 152; Craft v. Dickens, 78 Ill. 131. The claim made by this bill is that the defendants have in their possession and control these proofs of loss and sworn examination. It is nowhere claimed or averred that they are destroyed or lost so that secondary evidence of their contents may be necessary. It also appears that the appellants were in possession and control of them from about the time they were made, August 28, 1906, to the time of the trial at the January term, 1907. It is nowhere averred that the appellants have

no copies thereof, or that the defendants have the only knowledge of their contents in case they could not be found.  We are unable to see wherein a bill of discovery would give any more satisfactory relief than may be had at law.  A court of law has plenary power to order and compel the production of books and papers desired as evidence when material to the issues. Revised Statutes, chap. 51, sec. 9; Pynchon v. Day, 118 Ill. 9; Swedish American Tel. Co. v. Casualty Co., 208 Ill. 562; Wynn v. Taylor, 109 Ill. App. 603.

The very design of this statute seems to be to obviate the necessity of a bill of discovery, seeking the same end.  In the case in 208 Ill. at page 571, the court says: "The statute authorizes the court, upon cause shown, and proper notice, to require either party to a suit to produce books or writings in his possession or power, which contain evidence pertinent to the issue." On page 572 it is further said: "The proceeding is purely a civil remedy, intended to enforce the private right of one of the parties litigant, and is intended to compel the doing of an act necessary to the administration of justice in enforcing such private right.  In the class of cases where the purpose is to advance the civil remedy of the other party to the suit and where the penalty inflicted is intended to coerce, the party in contempt can only be relieved by compliance with the order.  In this State, the Circuit Court has the right and power in a suit at law to punish for contempt persons who refuse to comply with its proper orders."  So it is clear that on proper showing and notice given, the appellants can compel by order of the Circuit Court the production of these writings, which they say in their bill is in the possession and control of the appellees.  If appellees should refuse to surrender any such papers in their control, the court may punish by imprisonment as for contempt, and continue such imprisonment until they obey, or show cause, etc.  The law suits may be continued and trial refused appellees until they do so.  Besides, the court has ample power

to compel them to give under oath all proper information concerning the whereabouts of these instruments. What more can a court of equity do in the premises?

It is only where a party prosecutes or defends against a great number of suits, or defends against a great number of persons, or where a great number of persons prosecute or defend a right against a single individual, that a bill will lie to prevent a multiplicity of suits, and even then the party must establish his right at law, if it is a legal one, before he can resort to chancery. Imperial Fire Ins. Co. v. Gunning, 81 Ill. 236. No one of these appellants is in danger of more than one suit by appellees; and, the fact that appellees are bringing four suits, one against each of the appellants, should not prevent them from having them tried in a law court, although the same or very similar questions are to be tried in each case.

Under the authorities we are unable to find any grounds whatever for the maintaining of this bill and ousting the court of law of its jurisdiction. The demurrer to the bill was properly sustained by the lower court. The decree of the lower court is affirmed.

<em>Affirmed.</em>