**OHIO FARMERS' INS. CO. v. YOAS et al.**

No. 7062.

Circuit Court of Appeals, Ninth Circuit.

June 12, 1933.

Young & Young and Wm. K. Young, both of Los Angeles, Cal., for appellant.

Duane Bird and Thomas L. Hall, both of Nogales, Ariz., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

This is an action brought after loss by the appellant fire insurance company against appellees and one J. T. McDaniel to cancel a policy of fire insurance issued to Wm. H. Yoas on a house and certain personal property situated on a farm about twenty miles southeast of Ajo, Pima county, Ariz. A motion to dismiss, upon the ground that the bill of complaint failed to state facts sufficient to constitute a cause of action, was sustained, and the appeal is from the decree of dismissal which followed. The sole question on appeal is whether the bill of complaint states facts sufficient to constitute a cause of action.

It is alleged in the bill that the policy was procured by certain false and fraudulent representations specifically alleged in the bill concerning the ownership of the farm upon which the house and personal property was located and the ownership of the house and personal property covered by the policy. It is alleged that Wm. H. Yoas represented that he owned the farm, whereas it belonged to the United States; that he represented that the building belonged to him, whereas he only owned a one-third interest therein; that he represented that the personal property belonged to him, whereas it belonged to Jessie Yoas, his wife, as her separate property; that Jessie Yoas and J. T. McDaniel claim some interest in the policy of insurance and the proceeds thereof, the claim of Jessie Yoas being based upon her ownership of the personal property, and that of J. T. McDaniel being a claim to a two-thirds interest in all the property covered by the policy, and particularly a claim that the policy should have been issued to Wm. H. Yoas and J. T. McDaniel as copartners under the firm name and style of TXT ranch.

It is not questioned that a cause of action for rescission is stated, had the action been commenced before the loss by fire. Appellees concede this, but claim that, since the loss by fire the appellant's remedy is to defend an action at law brought to recover upon the policy, citing 26 C. J. 148; 32 C. J. 1266, 1268; Imperial Fire Ins. Co. v. Gunning, 81 Ill. 236; Hasterlik v. N. J. Fidelity & Plate Glass Ins. Co., 229 Ill. App. 604, 608; Black on Rescission and Cancellation, p. 1196; Couch's Cyclopedia of Insurance Law, Vol. 6, p. 5079. This principle the appellant concedes, in the absence of some other additional controlling circumstances giving equity jurisdiction. The basis of equitable jurisdiction relied upon is that the equitable action to rescind will avoid a multiplicity of suits at law upon the policy. In that regard the alleged relationship of Jessie Yoas and J. T. McDaniel to the policy form the basis for appellant's allegations of the danger of a multiplicity of suits which it is claimed justifies the interposition of a court of equity. It is clear that neither Jessie Yoas, as to her separate property, nor J. T. McDaniel, as to his two-thirds interest in the property, would have any right of action upon a policy of

insurance agreeing to indemnify Wm. H. Yoas for his loss by fire. This case does not come within the principle that equity will take jurisdiction to avoid a multiplicity of suits, since here there is no danger of multiplicity of suits within the meaning of that doctrine. Pomeroy's Equity Jurisprudence (4th Ed.) § 250 et seq. If J. T. McDaniel should bring an action in equity to reform the policy of insurance upon the ground of mistake, the whole matter could be litigated in that action.

Decree affirmed.