## THE FIRST NATIONAL BANK OF WOODSTOCK

### *v.*

## FREDERICK J. MANSFIELD.

1. PRACTICE—*production of books as evidence.* To compel the production of books to be read in evidence, the other party thereto must have reasonable notice, and it should appear, by affidavit or otherwise, that the books contain evidence pertinent to the issue, before the court orders their production.

2. EVIDENCE—*statements of a witness.* It is not error in the court to refuse to receive evidence from one witness, as to what another witness stated in

reference to the case, at a time different from that at which it is claimed that the transaction in dispute occurred, it not being allowable to corroborate the testimony of a witness by proving his own statements; nor are such statements a part of the *res gestœ.*

3. SAME—*books—examination of a witness.* Where a plaintiff reads various items from defendant's account books, to defendant's witness, and examines him as to such items, he does not thereby make such book, or any part of it, evidence; nor does it authorize defendant to read the books in evidence.

4. SAME—*what is not admissible.* Where a witness testified, incidentally, that he went into defendant's business house, but as to nothing which occurred there in reference to the case, it is not error to refuse to permit the witness to state what persons were there, as such testimony would be entirely immaterial.

5. VERDICT—*evidence in support.* Where the evidence is conflicting and irreconcilable, it is for the jury to determine to which side they will give the credit. And if it does not fail to support the verdict, it will not be disturbed.

APPEAL from the Circuit Court of McHenry county; the Hon. THEODORE D. MURPHY, Judge, presiding.

The opinion states the case.

Messrs. GLOVER, COOK & CAMPBELL, for the appellant.

Messrs. JOSLYN & SLAVIN, and Mr. CHARLES BLANCHARD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is objected, that the court below erred in refusing to compel appellee to produce his account books, to which he had alluded in giving his evidence. The objection is not well taken, inasmuch as no foundation is laid upon which to base the motion. The twelfth section of the practice act declares, that "the several circuit courts shall have power, in any action pending before them, upon motion, and good and sufficient cause shown, and reasonable notice thereof given, to require the parties, or either of them, to produce books or writings in

their possession or power, which contain evidence pertinent to the issue."

In this case there was no notice given to produce the books, as the statute requires, nor was there filed any affidavit proving that the books contained any evidence material to the issue. These are both required by the statute, and there was no error in refusing to require their production.

It is also urged that the court erred in not permitting Mead to state what was said by Durfee, cashier of appellant. We are unable to perceive that this was competent evidence. Durfee, as a witness, had testified, and we are at a loss to see how his evidence could be corroborated by proving his own statements. His statements to others, when not under oath, were not so solemn as his testimony on the trial, and could add nothing to its force. This would be an unusual mode of corroborating the evidence of a witness, and is believed to be without precedent. Nor is it a part of the *res gestæ.* The conversation did not occur while it is claimed the money was paid by the cashier, but at a subsequent period—on the same day, it is true, but after the payment is claimed to have been made, and it was in reference to a transaction wholly different and disconnected. Such does not constitute a portion of the *res gestæ.*

Appellee, on his cross-examination of Durfee, read several items from the bank account books, and examined the witness with reference to them, but did not offer the books in evidence, or any part of them. But appellant offered them in evidence on his part, but, on objection by appellee, the court refused to admit them. The mere reading the items to the witness, and asking questions in regard to them, was not reading the books or such items in evidence. They were used simply as memoranda, from which to examine the witness. And until appellee made some portion of the books evidence, appellant could not read them in evidence. In this there was no error.

It is insisted that the court erred in not permitting Mead to state who was in the bank when he was there, when he first arrived in town. How this could be pertinent to the issue, we are unable to conjecture. It does not seem that appellee was there, but was in his office, and whether there were persons present in the bank or not, or who was there, could not shed the least light on the issue the jury were then trying. The court did right in rejecting this evidence.

It is, again, urged, that the testimony does not sustain the verdict. It is quite conflicting, and could not be reconciled so as to stand together. In such conflicts, it is the province of the jury to give weight to such portions as they believe to be true, and reject such as they believe to be untrue. In doing this, they see the witnesses on the stand and under cross-examination, and can better judge from their manner, as to whom credit should be given, than we can, who only see the evidence on paper. And the circuit judge, who saw and heard the witnesses, refused to set aside the verdict. If he had been dissatisfied with the finding of the jury, it was his duty to have set it aside and granted a new trial. Failing to do so in such a case as this, is not without its weight in considering this question.

The evidence does not fail to support the verdict, and the judgment must be affirmed.

*Judgment affirmed.*