## LEE BELK

v.

## DELLA E. COOPER, BY NEXT FRIEND.

*Trespass—Vi Et Armis—Witnesses—Evidence—Instructions.*

1. The wife of one who brings an action of trespass *vi et armis* as next friend, and gives bond for costs, is a competent witness for plaintiff.

2. An instruction for plaintiff that the jury, in judging of the preponderance of the evidence, are to be governed by the quality and not the quantity, is not error, though a greater number of witnesses have testified for defendant.

3. Where the evidence is conflicting the verdict of the jury will be allowed to stand.

[Opinion filed June 13, 1890.]

IN ERROR to the Circuit Court of Madison County; the Hon. WM. H. SNYDER, Judge, presiding.

Messrs. HAPPY & TRAVOUS, for plaintiff in error.

Messrs. DALE & BRADSHAW, for defendant in error.

GREEN, J. This action in trespass *vi et armis* was brought by defendant in error, who sues by her next friend, Josiah P. Cooper, against plaintiff in error, to recover damages for an alleged trespass and assault upon her person. The jury found defendant guilty and assessed plaintiff's damages at $900.

The court overruled defendant's motion for a new trial and entered a judgment on the verdict, and defendant sued out this writ of error.

The only questions of law presented on behalf of plaintiff in error, arise upon the ruling of the court in admitting the testimony of Mrs. Cooper, wife of said Josiah P. Cooper, who gave a bond for costs as next friend, and in giving plaintiff's first instruction. Under the provisions of the statute we see no objection to the competency of the wife of Josiah P.

Cooper; she is not called upon to testify for or against her husband and is not within the inhibition of Sec. 5 of Chap. 51, Starr & Curtis' Stat. The wording of that section implies that the language in section 1 of the act was intended to be used in a sense so broad as to admit husband and wife to testify for or against each other in all cases, except so far as the act provides otherwise. Hence the necessity of the limitation in section 5. Mueller v. Rebhan, 94 Ill. 142.

The instruction given for plaintiff, to which objection is made, is this: "1st. You are instructed that in judging of the preponderance of the evidence, *you should be governed by the quality of the evidence and not by the quantity*, and in judging of the weight to be given to the evidence of the witnesses you should take into consideration the feeling and bias of any witness or number of witnesses, their manner on the witness stand, their prejudice, if any in the opinion of the jury has been manifested either in favor of one party or the other, and in making up your verdict it should take into consideration all the facts and circumstances of the case as detailed before you." It is taken from the printed brief for plaintiff in error, and the words italicized are not so in the instruction as given. The criticism upon this instruction is, that, it being apparent to the jury the preponderance of the evidence, judged by the number of witnesses who testified to material facts and circumstances, was on the side of the defense, yet they were given no option, but were peremptorily commanded not to be governed by this evidence, but to be governed by the evidence on the other side, less in quantity, but inferentially different in quality. In our judgment the instruction is not obnoxious to the criticism made, and the jury were not misled by it to the injury of defendant as suggested. And taking all the instructions given for the parties as a series, the jury were not misdirected as to the law.

In addition to these objections it is also most earnestly insisted, the verdict of the jury is against the weight of evidence and for that reason should be set aside. Counsel for plaintiff in error comment at some length upon the improbability of plaintiff's story of the assault, stand-

ing by itself, and the extent to which she was contradicted upon material points by other witnesses. But her testimony was also corroborated to some extent, and the evidence of some of the witnesses introduced to contradict her, particularly those who were permitted to assail her character for chastity, was doubtless received and regarded by the jury as quite improbable. The verdict is not one which at first blush strikes the mind as entirely unsupported by the evidence, and resulting from passion or prejudice entertained by the jury, but if they gave credit to her testimony in preference to that of the defendant, we can not say the evidence does not sustain the verdict. There was a conflict of evidence upon the main question, which the jury settled, as it was their province and duty to do. They gave weight to such portions as they believed to be true and rejected such portions as they believed untrue. The witnesses were before them and were examined and cross-examined in their presence, and the jury had means thus furnished them which we have not, to weigh, compare and properly estimate the value of the testimony. We must presume the jury performed this duty, and in the conflicting state of the evidence, under long and well established rules of practice, we are not inclined to interfere or set aside the verdict. First Nat. Bank v. Mansfield, 48 Ill. 494; Buchanan v. McLennan, 105 Ill. 56.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*