# THE CITY OF MT. VERNON

## v.

## DANIEL LEE.

*Municipal Corporations—Personal Injuries—Negligence— Defective Streets—Evidence—Bill of Exceptions.*

1. On appeal on the ground that the verdict is contrary to the evidence, the bill of exceptions must contain all the evidence.

2. In an action against a city for personal injuries sustained by reason of a defective culvert on its streets, this court declines to interfere with a verdict for plaintiff.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Jefferson County; the Hon. C. C. BOGGS, Judge, presiding.

Messrs. POLLOCK & POLLOCK, for appellant.

Mr. W. H. GREEN, for appellee.

GREEN, J. This suit was brought by appellee to recover for injuries received by him while passing over and across a covered culvert in said city. A board in the culvert was unsecured and loose, and being so, when he stepped upon one end it flew up and he was struck and severely injured. The jury found defendant guilty of the negligence charged, assessed plaintiff's damages at $80, and the court entered judgment for plaintiff for that sum, and costs. The city took this appeal.

We would be justified in declining to pass upon any of the questions presented for our consideration on behalf of appellant, because the bill of exceptions does not contain all the evidence introduced at the trial.

By the record it appears "Winslow's plat of his addition to the city of Mt. Vernon" was offered and admitted in evidence

City of Mt. Vernon v. Lee.

and explanations of the plat were also given in evidence to the jury. No copy of the plat nor any of the explanations given are contained in the bill of exceptions, and this omitted evidence may have tended strongly to support the verdict. Waiving this objection, however, we find in the record evidence from which the jury might fairly conclude the culvert in question was under the care and control of the city, and was used by pedestrians as a crossing in approaching and getting upon a city sidewalk. That it was being so used by plaintiff at the time he was injured, and he was then in the exercise of reasonable care. That during a long period prior to and up to and at the time of injury, said culvert was permitted by defendant to remain in a defective and unsafe condition. That by the negligence of defendant the board in said culvert was permitted to be and remain loose and unsecured, and by reason thereof plaintiff was struck and injured without fault on his part. Concerning many of these material matters there was a sharp conflict of evidence which the jury settled, as it was their duty to do, by giving credit to such parts as they believed to be true, and rejecting such portions as they believed untrue. They saw the witnesses and heard them testify upon the direct and cross-examination and had means we are deprived of, to weigh, compare, and properly estimate the value of the evidence. There is nothing in the record to satisfy us the jury did not honestly perform their duty, or that the verdict was unjust and unwarranted by the evidence. In the conflicting state of the evidence, under long and well established rules of practice we decline to disturb their verdict. First Nat. Bank v. Mansfield, 48 Ill. 494; Buchanan v. McLenan, 105 Ill. 56. The foregoing remarks will apply to the plea of accord and satisfaction which the jury were justified in finding was not proven. Some of the instructions complained of were not strictly accurate, but when all the instructions given are considered together, it appears to us the jury were not misled or misdirected as to the law. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*