THE PEOPLE OF THE STATE OF ILLINOIS EX REL.

v.

THE WESTERN MANUFACTURERS' MUTUAL INSURANCE CO. ET AL.

*Insurance—Secs. 45-8, Chap. 73, Starr & C. Ill. Stats.—Evidence— Production of Books—Sec. 9, Chap. 51, R. S.*

1. While Sec. 9, Chap. 51, R. S., 1872, is, by itself, broad enough to confer upon courts the power to compel the production of the books of a party to a given suit, it does not require them to exercise the power in all cases, even if they are in form civil cases.

2. In an action of debt for penalties under the act relating to insurance, Secs. 45-8, Chap. 73, Starr & C. Ill. Stats., the main question being as to the right on the part of the plaintiffs to the production of the books of defendant, this court declines to interfere with the judgment for the latter.

[Opinion filed April 8, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. JOEL M. LONGENECKER, State's Attorney, and D. J. and H. D. CROOKER, for appellants.

Mr. MYRON H. BEACH, for appellees.

GARY, J. This is an action of debt for penalties under the act relating to insurance approved June 4, 1879, arranged as

Sec. 45 to 48, Chap. 73, Starr & C. Ill. Stats. As stated in the brief of appellants, "the main question for determination on the record * * * is whether the appellants had the right to the production of the books of the appellee * * * at the trial." The appellant claimed the right under Sec. 9, Chap. 51, R. S. 1872.

Nakedly, by itself, that section is broad enough to confer upon the courts the power to compel the production of the books, but it does not require the courts to exercise the power in all cases, even if they are in form civil cases. "As a rule exposition statutes are to be construed in reference to the principles of the common law, for it is not to be presumed that the Legislature intended to make any innovation upon the common law further than the case absolutely required." Smith v. Laatsch, 114 Ill. 271, quoted there from Potter's Dwarris on Statutes. The design of the statute was to "obviate the necessity of a bill of discovery, seeking the same end." Lester v. People, 23 N. E. Rep. 387.

Now a court of equity would never compel a discovery that would subject the defendant to penal consequences (2 Daniell's Chy. 1557), and the compulsory production of documents was governed by the same rules. Ibid., 1833.

On this branch of the subject see also Boyd v. U. S., 116 U. S. 616 and p. 631; Johnson v. Donaldson, 18 Blatch. 287; 3 Fed. R. 22.

So much of the case of Boyd v. U. S. as would impugn the validity of the statute, if construed as appellants claim, we may not apply under the law which restricts the jurisdiction of this court; but if the proper construction takes the statute out of the principle of that case, we may so construe it.

That the action is a civil action, in which a preponderance of the evidence is enough to justify a verdict for the plaintiff, is beside the question of the privilege of the defendant to be exempt from a compulsory discovery or production of documents, that would bring upon him a penalty or forfeiture.

The judgment must be affirmed.

*Judgment affirmed.*