## John F. Bentley v. The People of the State of Illinois.

| 104 | 353 |
| p107 | 247 |
| 108 | 299 |
| e109 | 607 |

1. PRACTICE—*When Court May Require Parties to Produce Books or Writings in Their Possession.*—The twelfth section of the practice act declares that the several circuit courts shall have power upon motion, and good and sufficient cause shown, and reasonable notice thereof given, to require the parties, or either of them, to produce books or writings, in their possession or power, which contain evidence pertinent to the issue, and requires notice to be given to produce the books and affidavit to be filed proving that the books contain any evidence material to the issue.

**Attachment for Contempt of Court.**—Error to the Criminal Court of Cook County; the Hon. ABNER SMITH, Judge presiding. Heard in this court at the March term, 1902. Reversed. Opinion filed December 11, 1902.

**Statement.**—January 7, 1902, the grand jury made a report to the Criminal Court of Cook County, as follows:

"To THE HONORABLE ABNER SMITH, Judge of the Criminal Court of Cook County:

The grand jury of said county now in session respectfully submit the following report:

On the 25th instant a *subpœna duces tecum* was issued by the clerk of said Criminal Court to one John F. Bentley, commanding him to appear forthwith before said grand jury, and to bring with him all account books, ledgers, cash books and day books of the firm of Bentley, Murray and Company, covering the months of September and October, A. D. 1900, to be used as evidence in a certain investigation against one Henry H. Fuller, which said *subpœna duces tecum* was duly served by a deputy sheriff of said county by reading said *subpœna duces tecum* to said John F. Bentley, and leaving a copy of same with said John F. Bentley on the day the same was issued. Which said *subpœna duces tecum* is hereto attached and made part hereof. Yet notwithstanding said service of said subpœna said John F. Bentley failed and refused to appear and bring said books and ledgers mentioned in said subpœna, although there was ample time for him so to do after said service upon him.

Therefore said grand jury request Your Honor to enter a rule against the said John F. Bentley for him to show cause why he should not be attached for contempt of court.

Respectfully submitted,

JAMES W. FERNALD,
Foreman of the Grand Jury."

January 25, 1902, a *subpœna duces tecum* issued from said court to John F. Bentley, the plaintiff, commanding him as follows:

" We command you that all business and excuses being laid aside, you and each of you attend before the grand jury of our Criminal Court of Cook County, on the twenty-fifth day of January, A. D. 1902, forthwith, at the criminal court house in Chicago, in said Cook county, to testify and give evidence concerning a complaint before said grand jury against Henry H. Fuller, and that you also diligently and carefully search for, examine and inquire after and bring with you and produce at the time and place aforesaid all account books, ledgers, cash books, day books of the firm of Bentley, Murray and Company covering the months of September and October, 1900, together with all copies, drafts and vouchers relating to the said documents, and all other documents, letters and paper writings whatsoever, that can or may afford any information or evidence in said cause."

January 27, 1902, the court entered the following order:

" Ordered: That John F. Bentley be cited to appear before this court forthwith and show cause, if any he has, why he should not be adjudged in contempt of court for failing to appear as a witness before the grand jury and refusing to bring before said grand jury certain evidence required by them, he having been served with process."

January 28, 1902, plaintiff in error, in response to the rule to show cause, filed a lengthy affidavit, stating in substance that he was requested to produce, for the examination of the grand jury, divers books of account of the firm of Bentley, Murray & Co., of which he, affiant, was a member, and that the request was made by the grand jury that they might examine said books as to the dealing of said firm with one Henry H. Fuller, in connection with a public office held by said Fuller, and certain alleged criminal conduct of said Fuller in and about his said office, and the business thereof, then being under examination by said grand jury; and this respondent informed said grand jury that he declined to produce said books, showing the business dealings of said firm with said Fuller, for the reason that said books, in so far as they would show said dealings,

Bentley v. The People.

would tend to criminate respondent, in and about the alleged criminal acts of said Fuller under examination by said grand jury. And respondent avers that said books, so required by the grand jury, would and will tend to criminate him in the alleged criminal matters so then and there under consideration by said grand jury. Subsequently the court entered an order wherein, after reciting the substance of the grand jury's report, the refusal of plaintiff to produce the books before the grand jury, the rule to show cause, and plaintiff's answer thereto stating that the production of the books would tend to criminate him, the court orders as follows:

" And the court having duly considered the premises, and being fully advised therein, finds that the said John F. Bentley did not obey and has not obeyed said writ of *subpœna duces tecum* in the matter aforesaid, but that the said John F. Bentley has hitherto failed and refused to produce said books, ledgers, cash books and day books, as commanded by said *subpœna duces tecum* served upon him so as aforesaid. And the court further finds that the said John F. Bentley is by reason of his failure and refusal to obey the said *subpœna duces tecum* served upon him as aforesaid, in contempt of this court, wherefore it is further ordered, adjudged and decreed that for and on account of the contempt of court here and now found and declared the said John F. Bentley be imprisoned in the county jail of this Cook county for the term of sixty days."

The appeal is from this order.

C. STUART BEATTIE, attorney for plaintiff in error.

CHARLES S. DENEEN, state's attorney, and FRANK W. BLAIR, assistant state's attorney, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

The alleged offense of which the appellant was found guilty, and for which sentence of imprisonment was pronounced against him, was contempt of court, " by reason of his failure and refusal to obey the said *subpœna duces tecum* served upon him." The subpœna, in terms, commanded plaintiff in error to produce before the grand jury divers books of the firm of which he was a member. It

does not appear from the report of the grand jury to the
court what the specific charge against Henry H. Fuller was;
nor whether the books called for contained anything perti-
nent thereto; nor does it appear from the record that prior
to the issuing of the subpœna any showing whatever was
made that the books commanded to be produced contained
any matter pertinent to any investigation which the grand
jury was engaged in.    Section 9 of chapter 51 of the statutes
is as follows :

" The several courts shall have power, in any action pend-
ing before them, upon motion, and good and sufficient cause
shown, and reasonable notice thereof given, to require the
parties, or either of them, to produce books or writings in
their possession or power which contain evidence pertinent
to the issue."

In First Nat. Bank v. Mansfield, 48 Ill. 494, it was
objected that the trial court erred in refusing to compel the
appellee to produce his account books. . The Supreme Court
say :

" The objection is not well taken, inasmuch as no founda-
tion is laid upon which to base the motion.    The twelfth
section of the practice act declares that ' the several cir-
cuit courts shall have power, upon motion, and good and
sufficient cause shown, and reasonable notice thereof
given, to require the parties or either of them to produce
books or writings in their possession or power, which con-
tain evidence pertinent to the issue.'    In this case there
was no notice given to produce the books, as the statute
requires, nor was there filed any affidavit proving that the
books contained any evidence material to the issue.    These
are both required by the statute, and there was no error in
refusing to require their production."

It will be observed that the language of the present
statute is, " The several courts shall have power," etc., thus
including all courts.    See also, Roche v. Day, 20 Brad.
417, and Lester v. The People, 150 Ill. 408.    In the last
case the court, commenting on a motion to compel the pro-
duction of books, say :

" The plaintiff, in his motion and affidavits in support
thereof, failed entirely to show that the books of the defend-

ants, which he asked to inspect, were required for any purpose of evidence in the case. "

With reference to section 9, above quoted, the court say :

" Under the statute quoted the court has power to compel the production of the books of a party, upon proper showing that they contain entries tending to prove the issues."

The issuing of the *subpœna duces tecum* without any showing that the books which plaintiff in error was commanded to produce contained anything pertinent or material in respect to any matter undergoing investigation before the grand jury, was error.

In Lester v. The People, *supra*, the trial court fined Lester for contempt of court, in refusing to obey the order of that court to produce his books. The Supreme Court held that the order was unauthorized by section 9 of the statute, and that Lester was justified in disobeying it, and reversed the judgment imposing the fine. In the present case the subpœna which plaintiff in error was fined for disobeying was, as we have shown, unauthorized by section 9, and plaintiff was warranted in refusing to comply with it.

The judgment will be reversed.