Bentley v. The People.

---

## John F. Bentley v. The People of the State of Illinois.

1.   EVIDENCE—*Showing Not Warranting a Subpœna Duces Tecum.*— Where it does not appear by affidavit or otherwise, that the books called for by a subpœna *duces tecum* were material to the issues in the cause nor for what cause the defendants were indicted, but is merely recited in the order that the subpœna calls for the production of evidence material to the issues, a subpoena *duces tecum* is not authorized under Sec. 9, Ch. 51, R. S.

Commitment for Contempt.—Error to the Criminal Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding.   Heard in this court at the October term, 1902.   Reversed.   Opinion filed March 19, 1903.

FRANCIS W. WALKER and C. STUART BEATTIE, attorneys for plaintiff in error.

CHARLES S. DENEEN, State's Attorney, and EDWARD S. ELLIOTT, Ass't State's Attorney, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

The following order was entered by the court June 2, 1902:

" THE PEOPLE OF THE STATE OF ILLINOIS )
65,536              v.                                         }
         JOHN F. BENTLEY.                          )

The defendant, John F. Bentley, having appeared before

this court in response to a subpœna to appear as a witness
in the case of The People of the State of Illinois v. Henry
H. Fuller and John H. Murray, and it appearing to the
court that on May 13th, A. D. 1902, at the May term of
this court, while said cause was pending before this court
for trial, that said John F. Bentley was duly served with a
subpœna *duces tecum* to diligently and carefully search for,
examine and inquire after and bring with him and produce
before this court upon the trial of the cause aforesaid the
account books, ledgers, day books, journals and cash books
of the firm of Bentley, Murray & Company covering the
months of September, 1900, and February and March, 1901,
and said Bentley having taken the witness stand in the trial
of said cause and having testified before the court that he
is an equal partner with said Murray in the firm of Bentley,
Murray & Company, taking an active interest in the affairs
and business of said firm, and that said firm kept books of
account in its affairs and transactions during the months
and period mentioned, and that bookkeepers were hired by
said firm to keep said books, and that he, the said Bentley,
after having been served with the subpœna *duces tecum*
aforesaid to produce said books, made no inquiry of any
person for said books and made no other search therefor
than to look in the vault of the firm's office on the 13th
day of May, A. D. 1902, and on the 21st day of May, A. D.
1902, and that his only explanation for failure to produce
said books, in response to said subpœna *duces tecum*, is that
he did not find them on the dates before mentioned in the
vault of said office, and that he made no further efforts to
search for or inquire after said books; and it further appear-
ing that said subpœna *duces tecum* calls for the production
of evidence material to the issues of said cause, in which it
was issued, and it further appearing to the court from his
answers to the interrogatories put to him upon the witness
stand in said cause that said John F. Bentley is guilty of
contempt of this court, and he being present in the juris-
diction of this court as a witness thereof in said cause now
and at the time of so testifying, and failing to obey the
order and subpœna of this court, the court therefore finds
that the said Bentley is for the reason above stated in con-
tempt of this court.

It is therefore ordered and adjudged that the said John
F. Bentley be and he is hereby directed to stand committed
to the common jail of Cook county, there to remain charged
upon said contempt for the period of sixty days, and further

Bentley v. The People.

ordered that said John F. Bentley pay the costs of this proceeding, and it is further ordered that he stand committed to the common jail of Cook county, there to remain charged with said contempt and until the said costs shall be fully paid, unless he shall sooner be discharged by the court."

It does not appear from the record for what cause Fuller and Murray were indicted, or what the issues were in the case against them, nor does it appear by affidavit, or otherwise, that the books called for by the subpœna *duces tecum* were material to the issues in the cause of The People, etc., v. Fuller and Murray.    It is indeed recited in the order that the subpœna "calls for the production of evidence material to the issues," thus leaving it to Bentley to determine what evidence was material; but this falls far short of the showing required by section 9, chapter 51 of the Revised Statutes. The case is the same, in principle, as Bentley v. The People, 104 Ill. App. 353, in which we held that in order to compel a party to produce his books there must be a showing that the books called for contain matter material to the issues in the cause in which they are intended to be used; citing several decisions of the Supreme Court.    The case of Lester v. The People, 150 Ill. 408, is directly in point in the present case.    In that case the court made an order on Lester and others, defendants in a suit, to place certain books, in which the business transactions of the defendants with the plaintiff and other persons were entered, in the possession of the clerk of the court for inspection, etc.    The defendants refused to obey the order, and the court fined Lester $200 for contempt, and Lester appealed.

The court say :

"If the party against whom such order is made wishes to contest the validity or propriety of the order, he may refuse to obey, and in the further proceedings for contempt he may show in defense that the court had no authority to make the order, and if his defense is disallowed, and judgment is entered against him for a sum of money by way of fine, enforcible by execution or imprisonment, an appeal in his favor will lie." Ib. 416–417.

The court further say :

"Unless a showing is made, upon good and sufficient cause, that the evidence sought, or that the books and papers required to be produced, contain evidence pertinent to the issue, on behalf of the party applying therefor, the application should be denied." Ib. 418–419.

Counsel for defendant in error have cited cases to the effect that in other jurisdictions the rule is different; but, in view of the decisions of the Supreme Court, we can not regard the question as an open one in this State.

The judgment will be reversed.