**The People of the State of Illinois, ex rel. Charles L. Hin=ton, Defendant in Error, v. J. P. E. Heintz, Plaintiff in Error.**

## Gen. No. 16,208.

CONTEMPT—*failure to obey subpoena duces tecum.* In the absence of a showing of the materiality of the books, documents and papers designated, a party failing to obey a *subpoena duces tecum* cannot be adjudged in contempt and punished therefor.

Error to the Municipal Court of Chicago; the HON. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed. Opinion filed February 21, 1912.

I. W. FOLTZ, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On May 13, 1909, Charles L. Hinton, recovered a judgment in the Municipal Court against The Heintz Pepsin Food Company, an Oklahoma corporation, for $216.25.

Thereafter, in a certain proceeding supplemental to said judgment, a *subpoena duces tecum* was issued out of said court on June 12, 1909, and served on the same day upon the plaintiff in error, J. P. E. Heintz, commanding him to attend before said court on June 26th following, to testify and that he also diligently search for, examine and inquire after and bring with him and produce at said time and place the certain stock book of the Heintz Pepsin Food Company, and also the cash book, ledger and all other books showing cash receipts and disbursements and shares of stock issued, also the minute book or record of said corporation showing the minutes of meetings of directors and stockholders, together with all copies, drafts and vouchers relating to the said documents, and all other documents, letters and paper writings whatsoever, that can or may afford any information or evidence in said cause.

June 26, 1909, upon motion of the plaintiff in said judgment, a rule was entered on plaintiff in error "to show cause for failure to produce in court upon trial of said cause in supplemental proceedings the books and documents mentioned and described in the *subpoena duces tecum,* duly served on said respondent J. P. E. Heintz," which said rule was made returnable in said court on July 10th. following, and was then and there served upon plaintiff in error. After two postponements a hearing was had on July 24, 1909, wherein, after the examination of plaintiff in error, he was adjudged to be in contempt of court for his wilful, knowing and malicious removal of the corporate records and documents of said corporation from the jurisdiction of the court and without the state and for his

failure to produce said corporate books, records and documents before the court, and for such contempt was fined $235.25, which he was directed to pay to the bailiff of the court on or before July 29, 1909, and in default of such payment, was ordered to be committed to the county jail for a period of six months. This writ of error is prosecuted to reverse such order and judgment.

The evidence taken upon the hearing discloses that plaintiff in error was the president of the Heintz Pepsin Food Company, and that H. W. Pentecost and G. V. Pattison, residing in Guthrie, Oklahoma, were stockholders and directors of said corporation; that said corporation was not authorized to do business in this state; that on May 20, 1909, plaintiff in error sent his resignation as president of said corporation to said Pentecost by mail, and also then advised him by mail that he has sent the books of said corporation to him at Guthrie by express; that all the books, documents and papers belonging to said corporation, in the custody and control of plaintiff in error were by him shipped by express to said Pentecost at Guthrie on June 4th, or 5th, 1909; that immediately after the service upon him on July 12, 1909, of the said *subpoena duces tecum* plaintiff in error sought by correspondence with said Pentecost and Pattison to have said books, documents and papers returned to him for the purpose of producing the same in court in compliance with said subpoena, but that said Pentecost and Pattison refused to forward or deliver the same to him.

If the proceedings, upon which the judgment against plaintiff in error for contempt was predicated, had been strictly formal, it may well be doubted whether it was warranted by the facts disclosed in the record.

There is an entire absence of any showing in the record that the books, documents and papers designated in the *subpoena duces tecum*, were in any wise pertinent or material to the issues involved in the pro-

ceedings supplemental to judgment. In the absence of such showing, a party failing to obey a *subpoena duces tecum* cannot be adjudged in contempt and punished therefor. Bentley v. People, 104 Ill. App. 353; Same v. Same, 107 Ill. App. 245; Consolidated Coal Co. v. Jones & Adams Co., 120 Ill. App. 139.

The judgment of the Municipal Court is reversed.

*Judgment reversed.*